UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO:

SILVA HARAPETI
And other similarly situated individuals,

    Plaintiff(s),

vs.

CBS TELEVISION STATIONS, INC.
A Foreign Profit Corporation,

    Defendant.
_____/

## DEFENDANT'S NOTICE OF REMOVAL

Defendant, CBS Television Stations, Inc. ("Defendant" or "CBS"), through its undersigned counsel, files this Notice of Removal pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446, and removes to this Court the civil action styled *Silva Harapeti vs. CBS Television Stations, Inc.*, which was originally filed in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, under Case No. 2020-002202-CA-01 (hereinafter the "State Action"). As grounds for removal, CBS states as follows:

    1.    On January 29, 2020, Plaintiff filed a two-count civil action and jury demand ("Complaint"), on behalf of herself and other similarly situated individuals, for alleged violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* (the "FLSA"). Plaintiff's pleading includes a count alleging a failure of CBS to pay minimum wages and overtime compensation and a count alleging that CBS retaliated against Plaintiff, allegedly for complaining about how she was compensated.

1

2. On February 4, 2020, CBS was served with a Summons and the Complaint. This constituted the first legal notice CBS received of the State Action for purposes of removal. CBS has not yet answered the Complaint,[1] and no other process, pleadings, or orders have been served upon CBS in the State Action.

3. In accordance with 28 U.S.C. § 1446(a), true and correct copies of all documents that have been served on CBS and filed in the State Action as of the date of filing this Notice of Removal are attached hereto as "**Composite Exhibit 1.**"

4. As an initial matter, this matter is removable based on this Court's original jurisdiction under 28 U.S.C. § 1331. Specifically, Counts I and II of the Complaint assert claims arising under a federal statute, specifically, the FLSA. (*See* Compl ¶¶ 37- 44.) Therefore, the Court has original subject matter jurisdiction over Plaintiff's claims.[2]

5. This matter is also removable under 28 U.S.C. § 1332 as Plaintiff and Defendant are citizens of different states and the amount in controversy in this matter exceeds the $75,000 jurisdictional threshold. Specifically, Plaintiff is a resident and citizen of Florida, (Compl. at ¶ 3), and Defendant is a resident and citizen of Delaware and New York. *See* "Detail by Entity Name," Florida Division of Corporations, available at http://search.sunbiz.org/Inquiry/CorporationSearch/SearchResultDetail?inquirytype=EntityName&directionType=Initial&searchNameOrder=CBSTELEVISIONSTATIONS%20F010000055761

---

[1] Plaintiff's counsel agreed to a 20-day extension of time for Defendant to respond to the Complaint through and including Monday, March 16, 2020.

[2] Plaintiff could have initially brought this action before this Court because the district courts "have original jurisdiction over FLSA claims under 28 U.S.C. § 1331, as 'arising under the Constitution, laws, or treaties of the United States' and § 1337(a), as 'arising under any Act of Congress regulating commerce.'" *See Breuer v. Jim's Concrete of Brevard, Inc.*, 538 U.S. 691, 694 (2003) (finding FLSA action filed in a Florida state court was properly removed to the United States District Court for the Middle District of Florida).

&aggregateId=forp-f01000005576-84ff9472-2f8b-4c69-99be-f93c42ba9ac5&searchTerm=cbs%20television%20stations%20inc&listNameOrder=CBSTELEVISIONSTATIONS%20F010000055761.[3] *See Davison v. Am. Bldg. Maint. Co. of Georgia*, 08-81123-CIV, 2009 WL 10667100, at *2 (S.D. Fla. Apr. 27, 2009) ("For purposes of diversity jurisdiction, a corporation is a citizen of both the state in which it is incorporated and the state in which it has its principal place of business." (internal citations omitted)). Further, in the Complaint, Plaintiff purports to seek (in connection with Count II) back wages, "front wages until Plaintiff becomes sixty five (65) years of age," and "compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life." And in the Civil Cover Sheet filed with the Complaint, Plaintiff estimates these damages to be $150,000.  (*See* Composite Exhibit 1).

6. This Notice of Removal is timely under 28 U.S.C. § 1446(b) because it is filed within thirty (30) days after CBS was served with a Summons and the Complaint on February 4, 2020.

7. A copy of this Notice of Removal, along with a separate Notice of Filing Notice of Removal is simultaneously being filed with the Clerk of the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida and served on counsel for Plaintiff.  A copy of the Notice of Filing Notice of Removal filed in the state court (without exhibits) is attached hereto as "**Exhibit 2.**" 28 U.S.C. § 1446(d).

---

[3] Because the Florida Division of Corporations' website is an "official publication" of a governmental entity, this Court should, and may properly take judicial notice of the materials contained within the hyperlink included here.  *See* Fed. R. Evid. 201(b) (permitting the taking of judicial notice) and 902(5) (providing that official publications of a "public authority" are self-authenticating).  *See also Williams v. Long*, 585 F. Supp. 2d 679, 685-89 (D. Md. 2008) (finding that internet publications on the websites of governmental bodies are self-authenticating and qualify for judicial notice).  As such, CBS requests that the Court take judicial notice of the information contained on the Florida Division of Corporations' website concerning CBS's citizenship.

8. Pursuant to 28 U.S.C. § 1441(a), the removal of the State Action to the United States District Court for the Southern District of Florida is proper because this district embraces the place in which the State Action has been pending, i.e., Miami-Dade County, Florida.

WHEREFORE, Defendant, CBS Television Stations, Inc., requests that the State Action be removed from the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida and that it proceed in the United States District Court for the Southern District of Florida, as an action properly removed thereto.

Dated:  March 3, 2020

Respectfully submitted,

By: */s/ Tiffany D. Hendricks*
Melissa S. Zinkil (Florida Bar No. 0653713)
Tiffany D. Hendricks (Florida Bar No. 124129)
**AKERMAN LLP**
777 South Flagler Drive, Suite 1100 West Tower
West Palm Beach, FL  33401
Tel:  561-653-5000
Fax:  561-659-6313
Primary Email:  melissa.zinkil@akerman.com
Primary Email:  tiffany.hendricks@akerman.com
Secondary Email:  michelle.reynolds@akerman.com
Secondary Email:  jill.parnes@akerman.com

and

Michael C. Marsh (Florida Bar No. 72796)
**AKERMAN LLP**
Three Brickell City Centre
98 Southeast Seventh Street, Suite 1100
Miami, Florida 33131
Tel:  305-374-5600
Fax:  305-374-5095
Primary Email:  michael.marsh@akerman.com
Secondary Email:  simone.tobie@akerman.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 3, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document, is being served this day on all counsel and parties of record identified on the below Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: */s/ Tiffany D. Hendricks*
Tiffany D. Hendricks (Florida Bar No. 124129)

## SERVICE LIST

Peter M. Hoogerwoerd, Esq.
Primary Email: pmh@rgpattorneys.com
Nathaly Saavedra, Esq.
Primary Email: ns@rgpattorneys.com
Daniel J. Bujan, Esq.
Primary Email: dbujan@rgpattorneys.com
**REMER & GEORGES-PIERRE, PLLC**
44 West Flagler Street, Suite 2200
Miami, FL 33130
Phone: (305)416-5000
Facsimile: (305) 416-5005
*Attorneys for Plaintiff*