# COMPOSITE EXHIBIT "1"

**FORM 1.997. CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting <u>data</u> pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

I. **CASE STYLE**

IN THE CIRCUIT COURT OF THE <u>ELEVENTH</u> JUDICIAL CIRCUIT,
IN AND FOR <u>MIAMI-DADE</u> COUNTY, FLORIDA

Case No.:_____
Judge: _____

<u>Silva Harapeti</u>
 Plaintiff
      vs.
<u>CBS TELEVISION STATIONS, INC.</u>
 Defendant

II. **AMOUNT OF CLAIM**
  Please indicate the estimated amount of the claim rounded to the nearest dollar $<u>150,000</u>

III. **TYPE OF CASE** (If the case fits more than one type of case, select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

- ☐ Condominium
- ☒ Contracts and indebtedness
- ☐ Eminent domain
- ☐ Auto negligence
- ☐ Negligence – other
  - ☐ Business governance
  - ☐ Business torts
  - ☐ Environmental/Toxic tort
  - ☐ Third party indemnification
  - ☐ Construction defect
  - ☐ Mass tort
  - ☐ Negligent security
  - ☐ Nursing home negligence
  - ☐ Premises liability – commercial
  - ☐ Premises liability – residential
- ☐ Products liability
- ☐ Real Property/Mortgage foreclosure
  - ☐ Commercial foreclosure
  - ☐ Homestead residential foreclosure
  - ☐ Non-homestead residential foreclosure
  - ☐ Other real property actions
- ☐ Professional malpractice
  - ☐ Malpractice – business
  - ☐ Malpractice – medical
- ☐ Malpractice – other professional
- ☐ Other
  - ☐ Antitrust/Trade Regulation
  - ☐ Business Transaction
  - ☐ Circuit Civil - Not Applicable
  - ☐ Constitutional challenge-statute or ordinance
  - ☐ Constitutional challenge-proposed amendment
  - ☐ Corporate Trusts
  - ☐ Discrimination-employment or other
  - ☐ Insurance claims
  - ☐ Intellectual property
  - ☐ Libel/Slander
  - ☐ Shareholder derivative action
  - ☐ Securities litigation
  - ☐ Trade secrets
  - ☐ Trust litigation
- ☐ County Civil
  - ☐ Small Claims up to $8,000
  - ☐ Civil
  - ☐ Replevins
  - ☐ Evictions
  - ☐ Other civil (non-monetary)

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV. REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☒ Non-monetary declaratory or injunctive relief;
☒ Punitive

**V. NUMBER OF CAUSES OF ACTION:**
(Specify)

<u>1</u>

**VI. IS THIS CASE A CLASS ACTION LAWSUIT?**
☐ Yes
☒ No

**VII. HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
☒ No
☐ Yes – If "yes" list all related cases by name, case number and court:

**VIII. IS JURY TRIAL DEMANDED IN COMPLAINT?**
☒ Yes
☐ No

---

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature:  <u>s/ Daniel J Bujan</u>
           Attorney or party
FL Bar No.: <u>1017943</u>
           (Bar number, if attorney)
           <u>Daniel J Bujan</u>
           (Type or print name)
    Date:  <u>01/29/2020</u>

IN THE CIRCUIT COURT OF THE<br>
11TH JUDICIAL CIRCUIT IN AND FOR<br>
MIAMI-DADE COUNTY FLORIDA<br><br>
CASE NO.

SILVA HARAPETI,
and other similarly situated individuals,

    Plaintiff(s),

vs.

CBS TELEVISION STATIONS, INC.,
a Foreign Profit Corporation,

    Defendant.
_____/

## COMPLAINT
### (OPT-IN PURSUANT TO 29 U.S.C § 216(B))

Plaintiff, SILVA HARAPETI ("Plaintiff"), and other similarly-situated individuals, by and through the undersigned counsel, hereby sues Defendant, CBS TELEVISION STATIONS, INC. ("Defendant"), and in support avers as follows:

### GENERAL ALLEGATIONS

1. This is an action by the Plaintiff and other similarly-situated individuals for damages exceeding $30,000 excluding attorneys' fees or costs for unpaid wages and overtime due to misclassification of employee status under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA"), and for unlawful, retaliatory discharge in violation of the FLSA.

2. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. § 216.

3. Plaintiff was at all times relevant to this action, and continues to be, a resident of Miami-Dade County Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the FLSA.

4. Defendant, CBS TELEVISION STATIONS, INC., is a Foreign Profit Corporation doing business in Miami-Dade County, Florida, where Plaintiff worked for Defendant, and at all times material hereto was and is engaged in interstate commerce.

5. Venue is proper in Miami-Dade County because all of the actions that form the basis of this Complaint occurred within Miami-Dade County and payment was due in Miami-Dade County.

6. Declaratory, injunctive, legal and equitable relief sought pursuant to the laws set forth above together with attorneys' fees, costs and damages.

7. All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

8. Plaintiff worked for Defendant as a non-exempt employee from on or about February 2011 up until March 17, 2018.

9. At all times material hereto, Plaintiff and Defendant were engaged in an implied agreement whereby Plaintiff would be employed by Defendant and that Plaintiff would be properly paid as provided for by, and not in violation of, the laws of the United States and the State of Florida.

10. Throughout Plaintiff's employment, Plaintiff worked more than forty (40) hours per week.

11. Plaintiff was not paid at the proper overtime rate for hours worked in excess of forty (40) per week, as proscribed by the laws of the United States and the State of Florida.

12. Additionally, throughout Plaintiff's employment, Plaintiff worked numerous hours for which she received no compensation whatsoever, in violation of the laws of the United States and the State of Florida.

13. Throughout Plaintiff's employment, Plaintiff made several inquiries regarding Defendant's improper misclassification of Plaintiff as a "freelancer" to Defendant's Special Projects Executive Producer, Cari Hernandez ("Ms. Hernandez"), and to Defendant's News Director, Liz Roldan ("Ms. Roldan").

14. Plaintiff began working for Defendant as a freelance television journalist, covering news stories across South-Florida.

15. Throughout her time working as a freelance journalist, Plaintiff was paid on a per diem basis at a rate of two-hundred and ten ($210.00) dollars per day, regardless of the number of hours she worked on any given day.

16. Plaintiff worked for Defendant as a per diem freelancer in 2011, 2012, 2013, and 2015. Each time she was hired as a freelancer, Plaintiff was told she would be considered for a full-time reporter position.

17. Although Plaintiff was at all times qualified for the position of a full-time reporter, Plaintiff was always passed over for the position . When Plaintiff expressed her frustrations with Ms. Roldan about being passed over each time, she was simply told the full-time position "was not available to her."

18. On or about Late 2017, Ms. Roldan informed Plaintiff that an opening would be available for her as an on-air journalist on Sunday mornings. Ms. Roldan also informed Plaintiff that she could work as a producer the remaining four days of the week.

19. However, Ms. Roldan told Plaintiff that there would be no additional pay for her change in position and responsibilities. Essentially, denying her the ability to receive full-time pay and employee benefits.

20. Plaintiff was also told by Ms. Roldan that in order to be given this position she would need to "commit to work at CBS" and "figure out where her priorities were" if she wanted to continue working at the company.

21. Plaintiff advised Ms. Roldan that she was classified as a freelance producer, but was working more than sixty (60) hours a week as an on-air journalist, without the proper classification, rate of pay, or benefits.

22. Plaintiff was compensated as a producer when she was used and worked as a reporter, therefore denying Plaintiff higher pay and benefits such as health insurance, disability, life insurance, sick pay, personal days, vacation pay, double pay for holidays, etc.

23. As a result of continually asking to be classified as a full-time employee, Plaintiff was retaliated against by being placed on the weekend shift indefinitely. For a period of more than eight (8) months, Plaintiff was scheduled on a split shift, making her the only employee whose days off were split.

24. At all material times hereto, Defendant and/or its agents exercised a large amount of control over Plaintiff and her work and made sure that Plaintiff was on call and ready to work at all times.

25. An example of this control can be seen when Plaintiff was covering Hurricane Irma on or about September 2017. Plaintiff's work schedule had her working twelve (12) hours on, and twelve (12) hours off, with no days off, until it was decided otherwise by Defendant.

26. Other similarly situated employees received overtime, double time and overnight pay during this time, while Plaintiff only received her per diem pay.

27. The coverage and services that Plaintiff provided throughout her seven years working for Defendant was at all times an integral part of Defendant's business.

28. Throughout Plaintiff's employment with Defendant, Defendant exerted a large amount of control over Plaintiff's work. Defendant and/or its agents forced Plaintiff into shutting down any opportunities for profit through her own personal marketing, education, and production business.

29. Plaintiff has retained the undersigned counsel in order that her rights and interests may be protected. Plaintiff has thus become obligated to pay the undersigned a reasonable attorney's fee.

## COUNT I
### *Wage & Hour Federal Statutory Violation*

30. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 29 of this complaint as if set out in full herein.

31. This action is brought by Plaintiff and other similarly-situated individuals to recover from Defendant unpaid minimum wage and overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq.*, and specifically under the provisions of 29 U.S.C. § 207.  29 U.S.C. § 207 (a)(1) states, " No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

32. Jurisdiction is conferred on this Court by Title 29 U.S.C. § 216(b).

33. At all times pertinent to this Complaint, Defendant operated as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and the Defendant obtains and solicits funds from non-Florida sources, accepts

funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

34. Upon information and belief, the annual gross revenue of the Defendant was at all times material hereto in excess of $500,000 per annum, and, by virtue of working in interstate commerce, otherwise satisfies the FLSA's coverage requirements.

35. By reason of the foregoing, the Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). Defendant's business activities involve those to which the Fair Labor Standards Act applies. The Plaintiffs' work for the Defendant likewise affects interstate commerce.

36. Plaintiffs seeks to recover for unpaid wages accumulated from the date of hire and/or from 3 (three) years from the date of the filing of this complaint.

37. At all times material hereto, the Defendant failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 *et seq*. in that Plaintiff performed services and worked in excess of the maximum hours provided by the FLSA but no provision was made by the Defendant to properly pay her at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in the FLSA.

38. Defendant knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime wages as required by the Fair Labor Standards Act and remains owing Plaintiff these unpaid wages since the commencement of Plaintiffs' employment with Defendant as set forth above. As such, Plaintiff is entitled to recover double damages.

39. Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiffs' rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wages and overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT II
*FLSA Retaliation Violation*

40. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 29 of this complaint as if set out in full herein.

41. 29 U.S.C. § 215(a)(3) of the FLSA states that it is a violation to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee."

42. Defendant's conduct as set forth above constitutes a violation of the FLSA's anti-retaliation provision.

43. The motivating factor that caused Plaintiff's adverse employment action as described above was Plaintiff's complaint regarding not being properly paid for all hours worked.

44. The Defendant's conduct was in direct violation of the FLSA, and, as a direct result, Plaintiff has been damaged.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Enter judgment against the Defendant for all back wages from the date of discharge to the present date and an equal amount of back wages as liquidated damages, and;

C. Enter judgment against the Defendant for all front wages until Plaintiff becomes sixty-five (65) years of age; and

D. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

E. Award Plaintiff the costs of this action, together with reasonable attorneys' fees; and

F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## JURY DEMAND

Plaintiff demands a trial by jury of all issues triable as of right by jury.

Dated: January 29th, 2020

                                      Respectfully submitted,

                                     */s/ Daniel J. Bujan*
                                    Peter M. Hoogerwoerd, Esq.
                                    Florida Bar No.:188239
                                    pmh@rgpattorneys.com
                                    Nathaly Saavedra, Esq.
                                    Florida Bar No. 118315
                                    Ns@rgpattorneys.com
                                    Daniel J. Bujan, Esq.
                                    Florida Bar No.:1017943
                                    Dbujan@rgpattorneys.com
                                **REMER & GEORGES-PIERRE, PLLC**
                                44 West Flagler Street, Suite 2200
                                Miami, FL 33130
                                Telephone: (305) 416-5000
                                Facsimile: (305) 416-5005

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY FLORIDA

CASE NO. 2020-002202-CA-01

SILVA HARAPETI,
and other similarly situated individuals,

    Plaintiff(s),

vs.

CBS TELEVISION STATIONS, INC.,
a Foreign Profit Corporation,

    Defendant.
_____/

## SUMMONS IN A CIVIL CASE

**TO: CBS TELEVISION STATIONS, INC.** through its Registered Agent:

    CORPORATION SERVICE COMPANY
    1201 HAYS STREET
    TALLAHASSEE, FL 32301-2525

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFFS'S ATTORNEY

    PETER MICHAEL HOOGERWOERD, ESQ.
    REMER & GEORGES-PIERRE, PLLC.
    44 WEST FLAGLER STREET
    SUITE 2200
    MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

_____                      
**CLERK**                                                  **DATE**

_____
**(BY) DEPUTY CLERK**

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY FLORIDA

CASE NO. 2020-002202-CA-01

SILVA HARAPETI,
and other similarly situated individuals,

      Plaintiff(s),

vs.

CBS TELEVISION STATIONS, INC.,
a Foreign Profit Corporation,

      Defendant.
_____/

**SUMMONS IN A CIVIL CASE**

**TO: CBS TELEVISION STATIONS, INC.** through its Registered Agent:

      CORPORATION SERVICE COMPANY
      1201 HAYS STREET
      TALLAHASSEE, FL 32301-2525

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFFS'S ATTORNEY

      PETER MICHAEL HOOGERWOERD, ESQ.
      REMER & GEORGES-PIERRE, PLLC.
      44 WEST FLAGLER STREET
      SUITE 2200
      MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

_____  2/3/2020
CLERK                                            DATE

_____
(BY) DEPUTY CLERK

## RETURN OF SERVICE

State of Florida  
County of Miami-Dade  
Circuit Court

Case Number: 2020-002202-CA-01

Plaintiff:  
SILVA HARAPETI, and other similarly situated individuals  
vs.

Defendant:  
CBS TELEVISION STATIONS, INC., a Foreign Profit Corporation

PPJ2020000736

For:  
Peter Hoogerwood  
Remer & Georges-Pierre, Pllc.  
44 West Flagler Street  
Suite 2200  
Miami, FL 33130

Received by Prestige Process/Juan on the 3rd day of February, 2020 at 4:35 pm to be served on CBS TELEVISION STATIONS, INC. THROUGH ITS REGISTERED AGENT: CORPORATION SERVICE COMPANY, 1201 HAYS STREET, TALLAHASSEE, FL 32301-2525.

I, William J. Lord, do hereby affirm that on the 4th day of February, 2020 at 12:28 pm, I:

served a CORPORATION by delivering a true copy of the SUMMONS IN A CIVIL CASE and COMPLAINT with the date and hour of service endorsed thereon by me, to: Zach Sautter as Customer Service Specialist for CBS TELEVISION STATIONS, INC. THROUGH ITS REGISTERED AGENT: CORPORATION SERVICE COMPANY, at the address of: 1201 Hays Street, Tallahassee, FL 32301, and informed said person of the contents therein, in compliance with state statutes.

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served. Under penalties of perjury, I declare that I have read the foregoing document and the facts stated in it are true. No Notary required pursuant to F.S.92.525(2)

William J. Lord  
#067

Prestige Process/Juan  
P. O. Box 613634  
Miami, FL 33261  
(305) 490-4346

Our Job Serial Number: PPJ-2020000736

Copyright © 1992-2020 Database Services, Inc. - Process Server's Toolbox V8.1c

Filing # 102602975 E-Filed 02/01/2020 02:12:23 PM

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY FLORIDA

CASE NO. 2020-002202-CA-01

SILVA HARAPETI,
and other similarly situated individuals,

      Plaintiff(s),

vs.

CBS TELEVISION STATIONS, INC.,
a Foreign Profit Corporation,

      Defendant.
_____/

**SUMMONS IN A CIVIL CASE**

**TO: CBS TELEVISION STATIONS, INC.** through its Registered Agent:

      CORPORATION SERVICE COMPANY
      1201 HAYS STREET
      TALLAHASSEE, FL 32301-2525

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFFS'S ATTORNEY

      PETER MICHAEL HOOGERWOERD, ESQ.
      REMER & GEORGES-PIERRE, PLLC.
      44 WEST FLAGLER STREET
      SUITE 2200
      MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

2/3/2020

CLERK                                   DATE

(BY) DEPUTY CLERK