**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

Case No. 20-CV-20961-WILLIAMS/LOUIS

SILVA HARAPETI,

    Plaintiff,

v.

CBS TELEVISION STATIONS, INC.,

    Defendant.

_____/

**ORDER**

**THIS CAUSE** is before the Court on Plaintiff Silva Harapeti's ("Harapeti") Corrected Motion for Leave to File First Amended Complaint (the "Corrected Motion") (ECF No. 67). This Motion was referred to the undersigned United States Magistrate Judge, pursuant to 28 U.S.C. § 636 and the Magistrate Judge Rules of the Local Rules of the Southern District of Florida, by the Honorable Kathleen M. Williams, United States District Judge (ECF No. 5). The undersigned has reviewed the Motion and pleadings, and is otherwise duly advised on the matter.

    **I.**    **BACKGROUND**

This action was filed by Harapeti on behalf of herself and other similarly situated individuals against her former employer, Defendant CBS Television Stations, Inc., for unpaid wages and overtime due to misclassification of employee status under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA"), and for unlawful, retaliatory discharge in violation of the FLSA (ECF No. 1-1). Harapeti worked at WFOR-TV, a CBS Television Stations, Inc. owned news station, as a freelance television journalist, covering news stories across South Florida from February 2011 to March 2018 (*id.* at ¶ 14). While initially filed in state court, this matter was

removed to this Court on March 2, 2020 (ECF No. 1).

On March 31, 2020, a scheduling order was entered in this case, which set a July 1, 2020 deadline to amend pleadings or join parties (ECF No. 13). On July 1, 2020, Plaintiff filed a Motion to Certify Class (ECF No. 24), and a corrected Motion on July 8th (ECF No. 28). In response to the Corrected Motion to Certify Class, Defendant filed in opposition three declarations, which included the names of various entities and divisions under the ViacomCBS, Inc. corporate umbrella (ECF Nos. 48-1; 48-2; 48-3; 48-4). On September 14, 2020, over a month after Defendant filed the declarations and two and a half months after the deadline to amend the pleadings had passed, Plaintiff moved for leave to amend her Complaint to include additional defendants (ECF No. 59). The instant Corrected Motion was subsequently filed on September 25th (ECF No. 67), following an evidentiary hearing conducted on Plaintiff's Corrected Motion for Conditional Certification.

In the Corrected Motion, Plaintiff seeks to amend her Complaint to "add [as defendants] the entities named in the declarations filed by Defendant in opposition to Plaintiff's Corrected Motion for Conditional Certification of a Collective Action," whom "appear" to be proper and interested parties (ECF No. 67 at 1). Plaintiff avers that this newly discovered evidence, along with the testimony presented at the September 24, 2020 evidentiary hearing, "clarified the confusing nomenclature and corporate interrelationship of Defendants" (*id*.). Though not explained in the Motion itself, upon review of the proposed Amended Complaint Plaintiff attached to the Motion, the undersigned was able to deduce that the additional entities Plaintiff seeks to are join are CBS Broadcasting, Inc.; CBS News, Inc.; ViacomCBS, Inc.; and CBS Corporation.

## II.     DISCUSSION

Federal Rule of Civil Procedure 15(a) governs amendments to pleadings. A party may

amend any pleading once as a matter of right before a responsive pleading has been filed or within twenty-one (21) days after serving the pleading if no responsive pleading is allowed. Fed. R. Civ. P. 15(a)(1). In all other situations, the amending party must obtain written consent from the opposing party or leave of the court to amend the pleading. Fed. R. Civ. P. 15(a)(2). The rule declares that leave to amend "shall be freely given when justice so requires." *Id*. "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *A.T.O. Golden Constr. Corp. v. Allied World Ins. Co.*, No. 17-24223-CIV, 2018 WL 6462869, at *1 (S.D. Fla. Oct. 29, 2018) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

However, "when a motion to amend is filed after a scheduling order deadline, Rule 16 is the proper guide for determining whether a party's delay may be excused." *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 n.2, 1419 (11th Cir. 1998). Federal Rule of Civil Procedure 16 states that requests for leave to amend after the applicable deadline, as set in a court's scheduling order, require a showing of "good cause." Fed. R. Civ. P. 16(b)(4). "This good cause standard precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension." *Sosa*, 133 F.3d at 1418 (quotation marks omitted). In other words, "[g]ood cause exists when evidence supporting the proposed amendment would not have been discovered in the exercise of reasonable diligence until after the amendment deadline passed." *ConSeal Int'l Inc. v. Neogen Corp.*, No. 19-CV-61242, 2020 WL 2494596, at *3 (S.D. Fla. May 14, 2020) (citations omitted). "If the party seeking relief was not diligent, the good cause inquiry should end." *Id*. It is only after a determination of good cause has been made that a court turns to the question of whether justice so requires leave to amend. *See Smith v. Sch. Bd. of Orange Cty.*, 487 F.3d 1361, 1366-67 (11th Cir. 2007). Even still, "[a] motion that is untimely pursuant to a duly entered scheduling

order may be denied on that ground alone." *A.T.O. Golden Constr. Corp*, 2018 WL 6462869, at *3; *see also Sosa*, 133 F.3d at 1419.

### A. Whether Plaintiff has Shown Good Cause

While it is within the Court's discretion to deny Plaintiff's request for leave to amend as untimely on that ground alone, the Court finds that there to be other deficiencies with Plaintiff's request. As an initial matter, Plaintiff's Corrected Motion acknowledges her burden to show good cause, yet does not squarely address her delay in moving to join the additional parties. Nor does the Corrected Motion state why such a delay could not have been avoided, thus failing to show that good cause exists. Instead, Plaintiff merely claims there was newly discovered evidence, without addressing why such evidence could not have been uncovered prior through Plaintiff's own diligence. Plaintiff further insists that leave to amend her Complaint should be granted because there is no "substantial reason" to deny it; that she has been "diligent" and has displayed "neither bad faith nor dilatory conduct" (ECF No. 67 at 3). While these broad assertions may be sufficient under Rule 15(a), this is not enough to pass the more stringent requirements under Rule 16, which requires a showing of good cause.

However, in reply to Defendant's objections that this newly discovered evidence could have been discovered by the Plaintiff had she been diligent, Plaintiff points to specific obstacles that prevented her from discovering at least one of the additional defendants, specifically CBS Broadcasting, Inc. It is averred that CBS Broadcasting, Inc. uses the fictitious names of CBS Television Stations (which is very similar to that of the named Defendant) and/or CBS Television Stations Group; neither of which were registered with the Florida Department of Corporations nor disclosed in Defendant's initial disclosures (ECF No. 77 at 2). The Court finds this to be good cause to join CBS Broadcasting, Inc. after the deadline to amend has passed—mere diligence

would not have enabled Plaintiff to identify this entity as a proper defendant in this litigation. Plaintiff fails to address any specific facts or provide any specific details as to why good cause exists for joining the remaining entities at this stage, and thus fails to meet her requisite burden to join the other proposed defendants.

### B. Whether Justice So Requires

Not only does Plaintiff's Corrected Motion fail to demonstrate good cause, it fails to indicate why justice would so require the proposed amendments, with the exception of joining CBS Broadcasting, Inc. Plaintiff's reply clarifies that she is seeking to "include the related entities who controlled the policy making decisions of the local news stations" (ECF No. 77 at 3). It is averred that through the newly discovered evidence, Plaintiff and her counsel can connect CBS Broadcasting, Inc. to the original named Defendant, CBS Television Stations, Inc., as one of the twenty-nine (29) owned and operated stations as part of CBS Broadcasting, Inc. (ECF No. 67 at 3). This indicates that CBS Broadcasting, Inc. is in fact a proper and interested party for it has control over the named Defendant as well as other news stations at which similarly situated opt in plaintiffs might be employed.

Conversely, neither Plaintiff's Corrected Motion nor her reply give any indication as to why the other entities need be joined, or even who or what the other entities are. The proposed Amended Complaint states Plaintiff was jointly employed by these entities, but Plaintiff has failed to provide any factual support for the notion that the other entities exercised any sort of control over Plaintiff's employer or the other 28 local news stations identified. Nor has Plaintiff specifically alleged that these entities performed related activities through a unified operation or common control for a common business purpose, which is required to proceed under a joint enterprise theory. *See Gonzalez v. Old Lisbon Rest. & Bar L.L.C.,* 820 F. Supp. 2d 1365, 1368

(S.D. Fla. 2011) (listing the requisite relations between entities for a finding of joint employment); *see also Wallace v. S. Cable Sys., LLC*, No. 3:16CV209-RV/CJK, 2017 WL 6994562, at *2 (N.D. Fla. Feb. 28, 2017) (finding it would be futile to permit amendment because plaintiff provided insufficient evidence that the new defendant he sought to join was a joint employer of the plaintiff). In fact, one of the declarations on which Plaintiff relies in identifying these proposed parties specifically states that ViacomCBS's different divisions, for example CBS News, Inc. and CBS Television Stations, are distinct and separate entities that report to different management, and have their own distinct human resources departments and pay practices (ECF No. 48-3 at 1-2). Based on what has been presented to the Court, it appears that CBS Broadcasting, Inc. is the only newly proposed defendant that might exercise some control over the policy making decisions of the local news stations.

For the forgoing reasons, Plaintiff's Corrected Motion for Leave to File First Amended Complaint (ECF No. 67) is **GRANTED, in part**. Plaintiff is granted leave to amend to join CBS Broadcasting, Inc., f/k/a Group W Television Stations, Inc., d/b/a CBS Television Stations and/or CBS Television Stations Group as a named defendant in this action and to amend the Complaint to include the proposed claims against this new defendant. Plaintiff must separately file the Amended Complaint by no later than December 1, 2020.

**DONE** and **ORDERED** in Chambers in Miami, Florida, this 30th day of November, 2020, in Miami, Florida.

HON. LAUREN LOUIS
UNITED STATES MAGISTRATE JUDGE