UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 1:20-CV-20961-KMW

SILVA HARAPETI,
and other similarly situated individuals,

    Plaintiff(s),

vs.

CBS TELEVISION STATIONS, INC.,
a Foreign Profit Corporation, et al.

    Defendants.
_____/

**AMENDED COMPLAINT**
(OPT-IN PURSUANT TO 29 U.S.C § 216(B))

Plaintiff, SILVA HARAPETI ("Plaintiff"), and other similarly-situated individuals, by and through the undersigned counsel, hereby sues Defendants, CBS BROADCASTING, INC., f/k/a GROUP W TELEVISION STATIONS, INC. doing business as CBS TELEVISION STATIONS and/or CBS TELEVISION STATIONS GROUP; and CBS TELEVISION STATIONS, INC., (collectively, "Defendants"), and in support avers as follows:

**GENERAL ALLEGATIONS**

1. This is an action by the Plaintiff and other similarly-situated individuals for damages for unpaid wages and overtime due to misclassification of employee status under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA"), and for unlawful, retaliatory discharge in violation of the FLSA.

2. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. § 216.

3. Plaintiff was at all times relevant to this action, and continues to be, a resident of Miami-Dade County Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the FLSA.

4. Defendant, CBS BROADCASTING, INC., f/k/a GROUP W TELEVISION STATIONS, INC., doing business as CBS TELEVISION STATIONS and/or CBS TELEVISION STATIONS GROUP is a Foreign Profit Corporation doing business in Miami-Dade County, Florida, which jointly employed Plaintiffs (including opt-in Plaintiffs), which controlled Defendant, CBS TELEVISION STATIONS, INC. where Plaintiff worked for Defendants and at all times material hereto was and is engaged in interstate commerce.

5. Defendant, CBS TELEVISION STATIONS, INC., is a Foreign Profit Corporation doing business in Miami-Dade County, Florida, where Plaintiff worked for Defendant, and at all times material hereto was and is engaged in interstate commerce.

6. Declaratory, injunctive, legal and equitable relief sought pursuant to the laws set forth above together with attorneys' fees, costs and damages.

7. All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

**FACTUAL ALLEGATIONS COMMON TO ALL COUNTS**

8. Plaintiff worked for Defendant as a non-exempt employee from on or about February 2011 up until March 17, 2018.

9. At all times material hereto, Plaintiff and Defendants were engaged in an implied agreement whereby Plaintiff would be employed by Defendants and that Plaintiff would be properly paid as provided for by, and not in violation of, the laws of the United States and the State of Florida.

10. Throughout Plaintiff's employment, Plaintiff worked more than forty (40) hours per week.

11. Plaintiff was not paid at the proper overtime rate for hours worked in excess of forty (40) per week, as proscribed by the laws of the United States and the State of Florida.

12. Additionally, throughout Plaintiff's employment, Plaintiff worked numerous hours for which she received no compensation whatsoever, in violation of the laws of the United States and the State of Florida.

13. Throughout Plaintiff's employment, Plaintiff made several inquiries regarding Defendants' improper misclassification of Plaintiff as a "freelancer" to Defendants' Special Projects Executive Producer, Cari Hernandez ("Ms. Hernandez"), and to Defendant's News Director, Liz Roldan ("Ms. Roldan").

14. Plaintiff began working for Defendants as a freelance television journalist, covering news stories across South-Florida.

15. Throughout her time working as a freelance journalist, Plaintiff was paid on a per diem basis at a rate of two-hundred and ten ($210.00) dollars per day, regardless of the number of hours she worked on any given day.

16. Plaintiff worked for Defendants as a per diem freelancer in 2011, 2012, 2013, and 2015. Each time she was hired as a freelancer, Plaintiff was told she would be considered for a full-time reporter position.

17. Although Plaintiff was at all times qualified for the position of a full-time reporter, Plaintiff was always passed over for the position . When Plaintiff expressed her frustrations with Ms. Roldan about being passed over each time, she was simply told the full-time position "was not available to her."

18. In late 2017, Ms. Roldan informed Plaintiff that an opening would be available for her as an on-air journalist on Sunday mornings. Ms. Roldan also informed Plaintiff that she could work as a producer the remaining four days of the week.

19. However, Ms. Roldan told Plaintiff that there would be no additional pay for her change in position and responsibilities. Essentially, denying her the ability to receive full-time pay and employee benefits.

20. Plaintiff was also told by Ms. Roldan that in order to be given this position she would need to "commit to work at CBS" and "figure out where her priorities were" if she wanted to continue working at the company.

21. Plaintiff advised Ms. Roldan that she was classified as a freelance producer, but was working more than sixty (60) hours a week as an on-air journalist, without the proper classification, rate of pay, or benefits.

22. Plaintiff was misclassified as an exempt producer or exempt reporter when she was used and worked as a producer/reporter (hereinafter "Freelance Television Journalist," therefore denying Plaintiff higher pay and benefits such as health insurance, disability, life insurance, sick pay, personal days, vacation pay, double pay for holidays, etc.

23. As a result of continually asking to be classified as a full-time employee, Plaintiff was retaliated against by being placed on the weekend shift indefinitely. For a period of more than eight (8) months, Plaintiff was scheduled on a split shift, making her the only employee whose days off were split.

24. At all material times hereto, Defendants and/or their agents exercised a large amount of control over Plaintiff and her work and made sure that Plaintiff was on call and ready to work at all times.

25. An example of this control can be seen when Plaintiff was covering Hurricane Irma on or about September 2017. Plaintiff's work schedule had her working twelve (12) hours on, and twelve (12) hours off, with no days off, until it was decided otherwise by Defendants.

26. Other similarly situated employees received overtime, double time and overnight pay during this time, while Plaintiff only received her per diem pay.

27. The coverage and services that Plaintiff provided throughout her seven years working for Defendants was at all times an integral part of Defendants' business.

28. Throughout Plaintiff's employment with Defendants, Defendants exerted a large amount of control over Plaintiff's work. Defendants and/or its agents forced Plaintiff into shutting down any opportunities for profit through her own personal marketing, education, and production business.

29. Plaintiff has retained the undersigned counsel in order that her rights and interests may be protected. Plaintiff has thus become obligated to pay the undersigned a reasonable attorney's fee.

### COUNT I
***Wage & Hour Federal Statutory Violation against CBS Broadcasting, Inc.
f/k/a Group W. Television Stations, Inc. now doing business as CBS Television Stations
and/or CBS Television Stations Group***

30. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 29 of this complaint as if set out in full herein.

31. This action is brought by Plaintiff and other similarly-situated individuals to recover from Defendant unpaid minimum wage and overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq*., and specifically under the provisions of 29 U.S.C. § 207.  29 U.S.C. § 207 (a)(1) states, " No employer shall employ any of his employees… for a work

week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

32. Jurisdiction is conferred on this Court by Title 29 U.S.C. § 216(b).

33. At all times pertinent to this Complaint, Defendant operated as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and the Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

34. Upon information and belief, the annual gross revenue of the Defendant was at all times material hereto in excess of $500,000 per annum, and, by virtue of working in interstate commerce, otherwise satisfies the FLSA's coverage requirements.

35. By reason of the foregoing, the Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). Defendant's business activities involve those to which the Fair Labor Standards Act applies. The Plaintiffs' work for the Defendant likewise affects interstate commerce.

36. Plaintiffs seeks to recover for unpaid wages accumulated from the date of hire and/or from 3 (three) years from the date of the filing of this complaint.

37. At all times material hereto, the Defendant failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 *et seq*. in that Plaintiff performed services and

worked in excess of the maximum hours provided by the FLSA but no provision was made by the Defendant to properly pay her at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in the FLSA.

38. Defendant knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime wages as required by the Fair Labor Standards Act and remains owing Plaintiff these unpaid wages since the commencement of Plaintiffs' employment with Defendant as set forth above. As such, Plaintiff is entitled to recover double damages.

39. Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

## COUNT II
*Wage & Hour Federal Statutory Violation against CBS Television Stations, Inc.*

40. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 29 of this complaint as if set out in full herein.

41. This action is brought by Plaintiff and other similarly-situated individuals to recover from Defendant unpaid minimum wage and overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq.*, and specifically under the provisions of 29 U.S.C. § 207.  29 U.S.C. § 207 (a)(1) states, " No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

42. Jurisdiction is conferred on this Court by Title 29 U.S.C. § 216(b).

43. At all times pertinent to this Complaint, Defendant operated as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and the Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

44. Upon information and belief, the annual gross revenue of the Defendant was at all times material hereto in excess of $500,000 per annum, and, by virtue of working in interstate commerce, otherwise satisfies the FLSA's coverage requirements.

45. By reason of the foregoing, the Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s).  Defendant's business activities involve those to which the Fair Labor Standards Act applies.  The Plaintiffs' work for the Defendant likewise affects interstate commerce.

46. Plaintiffs seeks to recover for unpaid wages accumulated from the date of hire and/or from 3 (three) years from the date of the filing of this complaint.

47. At all times material hereto, the Defendant failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 *et seq*. in that Plaintiff performed services and worked in excess of the maximum hours provided by the FLSA but no provision was made by the Defendant to properly pay her at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in the FLSA.

48. Defendant knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime wages as required by the Fair Labor Standards Act and remains owing Plaintiff these unpaid wages since the commencement of Plaintiffs' employment with Defendant as set forth above. As such, Plaintiff is entitled to recover double damages.

49. Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiffs' rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wages and overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

**COUNT III**
*FLSA Retaliation Violation against CBS Television Stations, Inc.*

50. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 29 of this complaint as if set out in full herein.

51. 29 U.S.C. § 215(a)(3) of the FLSA states that it is a violation to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act, or has

testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee."

52. Defendant's conduct as set forth above constitutes a violation of the FLSA's anti-retaliation provision.

53. The motivating factor that caused Plaintiff's adverse employment action as described above was Plaintiff's complaint regarding not being properly paid for all hours worked.

54. The Defendant's conduct was in direct violation of the FLSA, and, as a direct result, Plaintiff has been damaged.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Enter judgment against the Defendant for all back wages from the date of discharge to the present date and an equal amount of back wages as liquidated damages, and;

C. Enter judgment against the Defendant for all front wages until Plaintiff becomes sixty-five (65) years of age; and

D. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

E. Award Plaintiff the costs of this action, together with reasonable attorneys' fees; and

F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## **JURY DEMAND**

Plaintiff demands a trial by jury of all issues triable as of right by jury.

Dated: December 1, 2020

                                                     Respectfully submitted,

                                         */s/ Peter M. Hoogerwoerd*
                                          Peter M. Hoogerwoerd, Esq.
                                          Florida Bar No.:188239
                                          pmh@rgpattorneys.com
                                         **REMER & GEORGES-PIERRE, PLLC**
                                         44 West Flagler Street, Suite 2200
                                         Miami, FL 33130
                                         Telephone: (305) 416-5000
                                         Facsimile: (305) 416-5005