UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 1:20-CV-20961-KMW

SILVA HARAPETI, *and other similarly situated individuals*,

    Plaintiff(s),

vs.

CBS TELEVISION STATIONS INC., *a Foreign Profit Corporation*,

    Defendant.
_____/

## MOTION TO DISMISS OPT-IN PLAINTIFFS DERRICKE DENNIS AND TIFFANI HELBERG

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant CBS Television Stations Inc. ("Defendant" or "CBS"),[1] by and through undersigned counsel, hereby files this Motion to Dismiss Opt-in Plaintiffs Derricke Dennis and Tiffani Helberg ("Motion") (ECF Nos. 104, 105), and respectfully requests that the Court dismiss the claims presented by Derricke Dennis and Tiffani Helberg as time-barred under 29 U.S.C. § 255.

## INTRODUCTION

On December 13, 2020, opt-in plaintiffs Derricke Dennis ("Mr. Dennis") and Tiffani Helberg ("Ms. Helberg") each filed Consents to Join into Lawsuit pursuant to 29 U.S.C. § 216(b), (ECF No. 104) and (ECF No. 105), respectively (the "Consents"). By doing so, Mr. Dennis and

---

[1] CBS Broadcasting, Inc. was added as a defendant in this matter with the filing of Plaintiff's Amended Complaint (ECF No. 95). Although CBS Broadcasting, Inc. has not yet answered Plaintiff's Amended Complaint—and the time to do so has not yet expired—CBS Broadcasting, Inc. nonetheless adopts the arguments in this Motion without prejudice to, or waiver of, any responses and/or defenses to the Amended Complaint available to it under the applicable law.

Ms. Helberg assert that they are members of the proposed collective of per diem news reporters and/or news producers requested by Plaintiff Silva Harapeti ("Plaintiff"). However, the Consents on their face reflect that neither Mr. Dennis nor Ms. Helberg have been employed by any CBS-affiliated entity as a per diem (freelance) news reporter or news producer within the maximum statutory liability period in this case—*i.e.*, three years from when Mr. Dennis and Ms. Helberg filed their respective Consents, or December 13, 2017. Specifically, Mr. Dennis affirms under penalty of perjury that his last period of employment as a freelance reporter was in February 2012. *See* (ECF No. 104). Likewise, Ms. Helberg confirms that her last period of freelance employment was in 2007, nearly a decade before the maximum liability period applicable to her commenced. *See* (ECF No. 105). Further, while Mr. Dennis and Ms. Helberg have not worked in freelance news reporter positions (*i.e.*, those specific positions included in Plaintiff's proposed collective) since 2012 and 2007, respectively, they also have not worked for any CBS-affiliated entity within the liability period in any capacity: both Mr. Dennis and Ms. Helberg confirm that their last period of employment with a CBS-affiliated entity was in 2013 (as full-time, non-freelance employees). *See* (ECF Nos. 104, 105).

Thus, because it is apparent that the limitations period under 29 U.S.C. § 255(a) applies from the face of the Consents, neither Mr. Dennis nor Ms. Helberg should be permitted to continue in this proceeding. They are not members of Plaintiff's proposed collective and their claims are patently untimely. Further, to the extent Plaintiff claims that the doctrine of equitable tolling somehow salvages Mr. Dennis and Ms. Helberg's claims, Plaintiff has failed to establish that the "extraordinary remedy" of equitable tolling is appropriately invoked to extend the liability period to either 2007 or 2012 so as to render Mr. Dennis's and Ms. Helberg's claims timely. Accordingly, the Court should dismiss Mr. Dennis's and Ms. Helberg's claims under Fed. R. Civ. P. 12(b)(6),

which grants this Court the authority to dismiss any claim based on the applicable statute of limitations where, as here, the limitations defense is apparent from the face of the pleading.

## RELEVANT PROCEDURAL POSTURE

1. Plaintiff commenced this action on January 29, 2020, alleging, *inter alia*, violations of the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b). *See* Complaint (ECF No. 1-1). Plaintiff's FLSA claim is pursued as a collective action under the FLSA on behalf of herself and "other similarly-situated individuals." *See id.* ¶ 31.

2. On July 8, 2020, Plaintiff filed her Corrected Motion for Conditional Certification (ECF No. 28) ("Motion for Conditional Certification"). The Motion for Conditional Certification seeks to conditionally certify a nationwide collective under FLSA of "Freelance Television Journalists," a job title and/or term coined by Plaintiff that appears to encompass freelance (per diem) news reporters and news producers at CBS-affiliated television stations. *See id.* at 1. At this juncture, the Court has received full briefing on the Motion for Conditional Certification, and convened an evidentiary hearing in September and October of 2020. No ruling on the Motion for Conditional Certification has been issued as of this submission.

3. On December 13, 2020, Plaintiff filed the Consents of two additional individuals, Mr. Dennis (ECF No. 104) and Ms. Helberg (ECF No. 105).

## ARGUMENT

**I.     THE CLAIMS OF MR. DENNIS AND MS. HELBERG ARE UNTIMELY.**

The Court may dismiss a claim under Federal Rule of Civil Procedure 12(b)(6) where the limitations defense is apparent from the face of the pleading. *Noveshen v. Multaply, Inc.*, No. 18-cv-61217, 2019 U.S. Dist. LEXIS 126804, at *5 (S.D. Fla. July 29, 2019) (citing *Sec'y of Labor v. Labbe*, 319 F. App'x 761, 764 (11th Cir. 2008)). The limitations period for violations of the

FLSA under 29 U.S.C. § 255(a) is two years, and a maximum of three years if employer's violations are deemed "willful."

An action is "commenced" by an opt-in plaintiff "on the subsequent date on which such written consent is filed in the court in which the action was commenced." *See* 29 U.S.C. § 256. Accordingly, for purposes of determining the limitations period for individual opt-ins under the FLSA, courts look to the date on which the individual opted-in. *See Ealy-Simon v. Liberty Med. Supply, Inc.*, No. 05-cv-14059, 2007 U.S. Dist. LEXIS 37518, at *14 (S.D. Fla. May 23, 2007); *see also Turean v. Mastec, Inc.*, No. 10-cv-60494, 2010 U.S. Dist. LEXIS 163106, at *8 (S.D. Fla. Aug. 27, 2010); *Amponsah v. Directv, Inc.*, No. 1:14-cv-3314-ODE, 2015 U.S. Dist. LEXIS 177530, at *17 (N.D. Ga. Apr. 16, 2015). Thus, the limitations period applicable to Mr. Dennis and Ms. Helberg would extend back, at a maximum, to December 13, 2017.

Here, the face of the Consents submitted by Mr. Dennis and Ms. Helberg confirm, under penalty of perjury, that neither individual worked for any CBS-affiliated entity as a freelance news reporter or news producer within the three years preceding the filing of their respective Consents. Accordingly, their claims under the FLSA are time-barred and should be dismissed. *See Noveshen*, 2019 U.S. Dist. LEXIS 126804, at *5 (S.D. Fla. July 29, 2019) (dismissing FLSA claims where limitations defense was apparent on the face of the pleading).

## II. EQUITABLE TOLLING OF THE LIMITATIONS PERIOD IS INAPPROPRIATE.

In response to this Motion, Plaintiff may assert that equitable tolling of the limitations period is appropriate. None of Plaintiff's previously-asserted bases for equitable tolling are persuasive or otherwise demonstrate such an "extraordinary remedy" is warranted.

Equitable tolling of the FLSA's statute of limitations is considered by the Eleventh Circuit to be an "extraordinary remedy" that should be applied "sparingly." *See Steed v. Head*, 219 F.3d

1298, 1300 (11th Cir. 2000). Tolling is only permitted where "an inequitable event [] prevented plaintiff's timely action." *Justice v. United States*, 6 F.3d 1474, 1475, 1479 (11th Cir. 1993). In this context, an inequitable event arises where there exist "extraordinary circumstances that are both beyond [the plaintiff's] control and unavoidable even with diligence." *See Motta ex rel. A.M. v. United States*, 717 F.3d 840, 846 (11th Cir. 2013) (quoting *Arce v. Garcia*, 434 F.3d 1254, 1261 (11th Cir. 2006)). For example, "the Eleventh Circuit has found equitable tolling to be appropriate where the defendant misleads the plaintiff into allowing the statute of limitations to lapse, where the plaintiff has no reasonable way of discovering the wrong perpetrated against him during the statutory period, or where the plaintiff timely files a technically defective pleading but acts with proper diligence in prosecuting her claim." *McKenzie v. Lindstrom Air Conditioning, Inc.*, No. 08-cv-61378, 2009 U.S. Dist. LEXIS 141237, at *12 (S.D. Fla. Jan. 23, 2009).

First, Plaintiff may assert that the limitations period should be tolled based on CBS's alleged failure to adequately post notice of employees' rights under the FLSA. *See* Motion for Conditional Certification at 4 ¶ 10 (seeking to toll the limitations period "due to a lack of notice of FLSA rights to CBS Television Stations, Inc. employees"); *see also id.* at 16 n.5. In its Opposition, CBS addressed the argument that CBS allegedly failed to post the FLSA-required notice informing employees of their federal rights to overtime and minimum wage payments. *See* (ECF No. 48) at 16–17. Plaintiff did not posit any response in her Reply (ECF No. 53) and has, therefore, conceded the point.

Second, Plaintiff may assert that tolling is appropriate because supervisors (allegedly) instructed Plaintiff and another potential opt-in plaintiff, Tiani Jones ("Ms. Jones") not to enter more than eight hours in the Company's timekeeping software. *See* Oct. 16th Tr. (ECF No. 79) at 10:1–14. Not only would such an assertion be specific to Plaintiff and Ms. Jones alone, but such

an allegation also is not the equivalent of CBS inducing individuals not to file timely claims or CBS otherwise obfuscating potential plaintiffs' rights under the FLSA. *See generally Allen v. Hartford Fire Ins. Co.*, No. 6:16-cv-1603-Orl-37KRS, 2017 U.S. Dist. LEXIS 136504, at *27 (M.D. Fla. Aug. 25, 2017) ("Plaintiffs have not shown that any potential class member was reasonably induced to refrain from filing a timely claim."). Consequently, this assertion does not support the imposition of equitable tolling. *See In re Tyson Foods, Inc.*, 2008 U.S. Dist. LEXIS 81626, at *20 (M.D. Ga. Oct. 15, 2008) (denying request for tolling where "[a]ll of the potential opt-in plaintiffs knew that they were performing work 'off the clock' and that they were not being paid for it"); *see also Pendlebury v. Starbucks Coffee Co.*, 2008 U.S. Dist. LEXIS 20089, at *10 (S.D. Fla. Mar. 12, 2008) (tolling inappropriate where, "with diligence, any of these Plaintiffs could have filed individual (or collective) actions within the limitations period"); *See Jones v. JRN Inc.*, 2016 U.S. Dist. LEXIS 191625, at *22 (M.D. Ga. July 12, 2016) (tolling inappropriate where plaintiffs were not "reasonably induced to refrain from filing a timely claim").[2]

---

[2] Plaintiff may also argue that the limitations period should be tolled from September 18, 2018, the date non-party Gary Nelson ("Mr. Nelson"), a former news reporter at WFOR-TV in Miami, emailed company executives with a laundry list of complaints regarding the operation of WFOR-TV in Miami, Florida. However, even if the Court were to accept this argument, it would not expand the liability period so as to include any potential claims of Mr. Dennis and Ms. Helberg, both of whom have not worked for any CBS-affiliated entity in a freelance reporter position since 2012 and 2007, respectively. Substantively, Mr. Nelson's email contains only a passing reference to per diem employees that Mr. Nelson "felt . . . would be more productive and be able to contribute more if they were benefited full-time, got time and a half, overtime, and sick leave and holidays and that sort of thing." *See* Sept. 24th Transcript (ECF No. 70) at 117:4–24; *see also* Email, Pl. Ex. 5 (ECF No. 69-3). Mr. Nelson's email does not provide grounds to invoke equitable tolling because it does not substantiate any assertion that Plaintiff and potential opt-in plaintiffs were misled about, or otherwise prevented from, proceeding with timely claims under the FLSA. *Cf. Clincy v. Galardi S. Enters.*, No. 09-cv-2082, 2009 U.S. Dist. LEXIS 78845, at *9 (N.D. Ga. Sep. 2, 2009) (finding tolling appropriate where other similarly situated individuals were "induced to refrain from pursuing claims under the FLSA as a result of the discharge of Plaintiffs and by being informed by management . . . that the discharge resulted from participation in this suit"). If the mere existence of alleged FLSA violations were significant enough to warrant equitable tolling, then the remedy would become automatic in FLSA cases.

Plaintiff has not mustered any allegations or evidence of an "extraordinary circumstance" beyond her control or one that is unavoidable, even with diligence, which would warrant equitably tolling the statute of limitations. Accordingly, the Court should reject any request to equitably toll the limitations period under 29 U.S.C. § 255(a).

## CONCLUSION

Application of the limitations period under 29 U.S.C. § 255 is apparent from the face of the Consents filed by Mr. Dennis and Ms. Helberg (ECF Nos. 104, 105), and there exists no set of facts that would permit either Mr. Dennis or Ms. Helberg to proceed with a timely FLSA claim against Defendant (or against the newly-added defendant, CBS Broadcasting, Inc., for that matter). For that reason, as set forth more fully above, the Court should dismiss their claims, and grant such other and further relief as the Court deems just and proper.

Respectfully submitted this 15th day of December, 2020.

> BAKER & MCKENZIE LLP
> *Attorneys for CBS Television Stations, Inc.*
> Sabadell Financial Center
> 1111 Brickell Avenue, Suite 1700
> Miami, Florida 33131
> Telephone: (305) 789-8900
> Facsimile:  (305) 789-8953
>
> By:  /s/ *William V. Roppolo*
> William V. Roppolo, Esq.
> Florida Bar No. 182850
> william.roppolo@bakermckenzie.com
>
> Benjamin C. Davis, Esq.
> Florida Bar No. 110734
> benjamin.davis@bakermckenzie.com
>
> *– and –*
>
> Blair J. Robinson (*Pro Hac Vice*)
> Paul C. Evans (*Pro Hac Vice*)
> BAKER & MCKENZIE LLP
> 452 Fifth Avenue
> New York, NY 10018
> Telephone: (212) 626-4100
> Facsimile: (212) 310-1632
> blair.robinson@bakermckenzie.com
> paul.evans@bakermckenzie.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on December 15, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: /s/ *William V. Roppolo*
William V. Roppolo, Esq.

## SERVICE LIST

### SILVA HARAPETI,

v.

### CBS TELEVISION STATIONS, INC.

### CASE NO. 20-20961-CIV-Williams

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF FLORIDA

Peter M. Hoogerwoerd, Esq.
REMER & GEORGES-PIERRE, PLLC
44 West Flagler Street
Suite 2200
Miami, Florida 33130
pmh@rgpattorneys.com
Phone: (305) 416-5000
Facsimile: (305) 416-5005
*Attorneys for Plaintiff Silva Harapeti*