**MIAUNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO: 20-cv-20961-KMW**

SILVA HARAPETI, *and other similarly situated individuals*,

    Plaintiff(s),

vs.

CBS TELEVISION STATIONS INC., *a foreign profit corporation*, *et al.*,

    Defendants.

_____/

**RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO FILE OPT IN NOTICES PSEUDONMOUSLY OR IN THE ALTERNATIVE UNDER SEAL (ECF NO. 116)**

Pursuant to Rule 7.1(c) of the Local Rules for the Southern District of Florida, Defendants CBS Television Stations Inc. and CBS Broadcasting, Inc. ("Defendants" or "CBS"), by and through undersigned counsel, hereby file this Response in Opposition to the Motion to File Opt In Notices Pseudonymously or in the Alternative Under Seal (ECF No. 116) ("Motion") filed by Plaintiff Silva Harapeti ("Plaintiff"). For the reasons stated below, Defendants respectfully request that Plaintiff's Motion be denied.

**INTRODUCTION**

Plaintiff contends that there exists no Eleventh Circuit precedent for the irregular and extraordinary request found in Plaintiff's Motion.[1] That statement is untrue. The Eleventh Circuit

---

[1] Plaintiff's statement that "counsel for the Defendants and for the Plaintiff agree that no controlling case law exists within this Circuit" is inaccurate. *See* Mot. at 2. Counsel for Defendants do not agree that no controlling case law exists in the Eleventh Circuit—and did not agree in the single email exchange that constituted the Local Rule 7.1(a)(3) conference (where counsel for Defendants stated only that they oppose this Motion). The Eleventh Circuit has spoken

has spoken on this issue and stated that it is the "exceptional case"—ones "involving matters of a highly sensitive and personal nature" or when there exists "real danger of physical harm"—where a plaintiff may be permitted to proceed under a pseudonym. *See Doe v. Frank*, 951 F.2d 320, 324 (11th Cir. 1992). Those circumstances are not present here. Instead, Plaintiff asks this Court to set aside the constitutionally-embedded presumption of openness in judicial proceedings in what is otherwise an unremarkable overtime dispute under the Fair Labor Standards Act ("FLSA") armed solely with unsupported speculative and/or hearsay contentions regarding potential economic harm *only*. Courts applying the principles set forth in *Frank*, as well as other courts throughout the country applying similar principles, have consistently rejected requests such as Plaintiff's where the sole harm alleged is a fear of retaliation or lost job prospects. As noted by one court, if Plaintiff's stated basis for this Motion were sufficient, "any plaintiff bringing a lawsuit against an employer would have a basis to proceed pseudonymously." *See Michael v. Bloomberg L.P.*, No. 14-cv-2657 (TPG), 2015 U.S. Dist. LEXIS 16683, at *5 (S.D.N.Y. Feb. 11, 2015).

Put simply, to allow future opt-in plaintiffs to proceed under a pseudonym or file their consents to opt-in under seal for the reasons stated by Plaintiff in this case is contrary to both controlling and persuasive precedent. Accordingly, as explained more fully below, Plaintiff's Motion should be denied.

## ARGUMENT

Plaintiff seeks leave to file opt-in notices pseudonymously or under seal based on a purported fear of retaliation and being "blackballed" in the television industry for participating in this lawsuit. *See* Mot. at 1–2. Plaintiff contends that there is "no controlling case law [] within

---

on the question of when a plaintiff may proceed under a pseudonym. For example, as discussed herein, *Doe v. Frank*, 951 F.2d 320 (11th Cir. 1992) provides controlling guidance on this issue.

this Circuit" and that this issue is "one of first impression in this Circuit." *Id.* at 2 n.2. Plaintiff is incorrect—the Eleventh Circuit, as well as district courts, have taken up the issue of when a party may proceed under a pseudonym. Uniformly, those courts have rejected the notion that Plaintiff's claimed fears—fear of retaliation or diminished future job prospects—are sufficient to proceed under a fictitious name.

The Eleventh Circuit has stated unambiguously that "[i]t is the exceptional case in which a plaintiff may proceed under a fictitious name." *Doe v. Frank*, 951 F.2d 320, 323 (11th Cir. 1992). Under this Eleventh Circuit precedent—which Plaintiff does not cite or otherwise acknowledge in the Motion—"[t]he ultimate test for permitting a plaintiff to proceed anonymously is whether the plaintiff has a substantial privacy right which outweighs the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Id.* (internal citation and quotation omitted); *see also Plaintiff B v. Francis*, 631 F.3d 1310, 1315-16 (11th Cir. 2011) ("A party may proceed anonymously in a civil suit in federal court by showing that he has a substantial privacy right which outweighs the 'customary and constitutionally-embedded presumption of openness in judicial proceedings.'" (internal quotation marks omitted)). In *Frank*, the Eleventh Circuit identified specific contexts in which it may be permissible for a plaintiff to proceed anonymously. *Frank*, 951 F.2d at 324. For instance, proceeding anonymously may be appropriate where proceeding publicly would result in "[d]ivulging personal information of the utmost intimacy," such as, but not limited to, cases involving mental illness, homosexuality, or transsexuality; in instances where public disclosure would result in the plaintiff "having to admit an intent to engage in prohibited conduct"; or where proceeding publicly would result in "real danger of *physical* harm." *Id.* (emphasis added). The fact that a plaintiff "may suffer some personal embarrassment" is insufficient. *See id.* Plaintiff has presented no such circumstances.

Rather, Plaintiff requests anonymity for putative opt-in plaintiffs based on purported fears of retaliation or of future employers being unwilling to hire them.[2] *See* Mot. at 1–2. Fear of the economic harm elucidated by Plaintiff is not a basis on which to proceed under a pseudonym (particularly economic harm in the context of retaliatory discharge for which any retaliated-against individuals are expressly granted a cause of action under the FLSA, 29 U.S.C. § 215). As the Eleventh Circuit has said, "[l]awsuits are public events," and "[a] plaintiff should be permitted to proceed anonymously only in those exceptional cases involving matters of a highly sensitive and personal nature, real danger of physical harm, or where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity." *Frank*, 951 F.2d at 324. Indeed, judges in the Southern District of Florida and elsewhere have denied similar requests where the plaintiff claimed a fear that public disclosure would impair future employment.[3]

In the matter of *In re Doe v. Univ. of Miami*, No. 12-cv-23933, 2012 U.S. Dist. LEXIS 200135 (S.D. Fla. Nov. 28, 2012), the plaintiff claimed that he was kicked out of medical school

---

[2] Plaintiff contends that "[t]here exists a body of putative opt-in Plaintiffs and/or witnesses within WFOR-TV *and outside of the Miami, Florida television market* who desire to join this lawsuit and may join this lawsuit provided that they remain anonymous . . . ." Mot. at 1 (emphasis added). To the extent the individuals who Plaintiff wishes to have participate anonymously are individuals "outside of the Miami, Florida television market," those individuals are now immaterial as the scope of Plaintiff's proposed collective has been limited to news reporters and producers at WFOR-TV in Miami, Florida *only*. *See* Report and Recommendation (ECF No. 112), *adopted at* Order Adopting Report and Recommendation (ECF No. 121).

[3] Plaintiff asserts that "several potential key witnesses have universally identified" David Friend ("Mr. Friend"), a CBS employee allegedly responsible for "orchestrating" CBS's national policies, as a person they fear retaliation from. *See* Mot. at 1 n.1. Yet Plaintiff acknowledges that even if her Motion is granted, Defendants—including relevant employees such as Mr. Friend—would nonetheless be provided with the real names of those individuals who purportedly fear retaliation. *See id.* at n.3. Thus, the only fear Plaintiff has actually articulated is that other entities besides CBS will see their names as part of this litigation. *See id.* (identifying the "public" as those who do not need to know the identities of the putative collective action members). As noted herein, this "fear" exists for any civil litigant and is not a basis to proceed anonymously.

due to a perception that he was behaviorally disabled due to attention deficit hyperactivity disorder (ADHD) and other mental disorders. *Id.*, at *3. In his lawsuit against the medical school, the plaintiff asserted that anonymity was appropriate because therapy and medical treatments were at issue in the case, and disclosure of his name "would subject him to serious social stigma and impair his ability to find future employment." *Id.*, at *4–5. The court denied Plaintiff's request, holding that the plaintiff had not demonstrated that his privacy interest and the stigma he sought to avoid warranted an exception to "a rule that is rooted in this nation's historic interest in open proceedings"—a "[r]isk of embarrassment or even diminished job prospects are not sufficient to outweigh the presumption of openness in judicial proceedings." *Id.*, at *5–6 (noting "[e]xcept in rare instances, it is the right of every American to see the public's business conducted in an open forum"). In reaching this holding, Judge King emphasized that "[t]he Federal Judiciary has zealously protected the right of all citizens to free, open and public trials" and that "[t]he names of litigants are an integral element of public judicial proceedings and documents." *Id.*

In the FLSA context, other districts have adopted similar approaches to requests such as Plaintiff's, denying them where economic harm and future job prospects was the articulated concern. For instance, in *Michael v. Bloomberg L.P.*, No. 14-cv-2657 (TPG), 2015 U.S. Dist. LEXIS 16683 (S.D.N.Y. Feb. 11, 2015), the court denied a request to proceed pseudonymously where the plaintiff claimed that proceeding in his real name would "negatively impact plaintiff's future employment prospects." *Id.*, at *4–6. The plaintiff supplied the court in *Bloomberg* with a pseudonymous affidavit in which the plaintiff claimed that the "publicity associated with the complaint will harm [his] future job prospects with other future employers."[4] *Id.* In denying the

---

[4] Plaintiff has not supplied the Court with any pseudonymous affidavits from the purported "body" of putative opt-in Plaintiffs and/or witnesses that "desire to join this lawsuit and may join this lawsuit," *i.e.*, those individuals Plaintiff asks the Court to allow to proceed pseudonymously.

request, the court acknowledged that Rule 10(a)'s requirement that a complaint must "name all the parties," although "seemingly pedestrian" serves a "vital purpose of facilitating public scrutiny of judicial proceedings and therefore cannot be set aside lightly." *Id.*, at *6 (citing *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 188–89 (2d Cir. 2008)). Indeed, said the court in *Bloomberg*, "the use of pseudonyms 'runs afoul of the public's common law right of access to judicial proceedings, a right that is supported by the First Amendment.'" *Id.* (citing *Doe v. Del Rio*, 241 F.R.D. 154, 156 (S.D.N.Y. 2006)) (further citations omitted). Thus, the court concluded that because physical retaliation or mental harm against plaintiff was not a concern, "nor is this the type of unusual case involving matters of a highly sensitive or personal nature—*i.e.*, claims involving sexual orientation, pregnancy, or minor children—in which courts have justified anonymous plain tiffs proceeding pseudonymously," the motion was denied.[5] *Id.*

The court in *Bloomberg* made a separate acknowledgement that is of particular import with respect to requests for anonymity in lawsuits brought under the FLSA: that departing from the general requirement of disclosure in a wage and hour where a plaintiff articulates a fear of diminished job prospects "would be to hold that nearly any plaintiff bringing a lawsuit against an employer would have a basis to proceed pseudonymously." *See id.*, at *5, 9 (adopting the

---

[5] Like here, the plaintiff in *Bloomberg* also suggested that any prejudice to the defendant would be ameliorated by disclosing the identity of the plaintiff to the defendant itself, subject to a protective order prohibiting defendant from disseminating the plaintiff's identity to the public. *Id.* at *4–5. The court, nonetheless, rejected the request. *See id.* at *8–9 (noting that "this unorthodox arrangement still runs against the public's traditional right of access to judicial proceedings, and may also preclude potential class members from properly evaluating the qualifications of the class representative"). Although not expressly stated, Plaintiff's here that disclosure of the pseudonymous individuals' names to Defendants would alleviate any prejudice is likewise incorrect. Like the court in *Bloomberg* acknowledged, such a process not only runs afoul of the public's right to disclosure, but also hampers potential opt-ins ability to evaluate the class representative and the Defendants' investigation of the facts. *See Bloomberg L.P.*, 2015 U.S. Dist. LEXIS 16683, at *5–9. Thus, the prejudice of Plaintiff's (otherwise inappropriate) request is not tempered by her willingness to disclose the pseudonymous individuals' names to Defendants.

defendant's argument that plaintiff's purported concerns are "shared by nearly every plaintiff suing his or her employer, and that plaintiff's argument would render every FLSA case an exceptional case justifying such secrecy in their proceedings" (internal quotation and formatting omitted)); *see also Doe I v. Four Bros. Pizza*, No. 13 CV 1505 VB, 2013 U.S. Dist. LEXIS 166470, *30–31 (S.D.N.Y. Nov. 19, 2013) (rejecting FLSA plaintiffs' request for anonymity despite threat of retaliation from employer); *De Angelis v. Nat'l Entm't Grp. LLC*, No. 2:17-cv-00924, 2019 U.S. Dist. LEXIS 36420, at *5–6 (S.D. Ohio Mar. 7, 2019) (denying motion for leave to file under a pseudonym and rejecting the contention that requiring plaintiff to proceed without a pseudonym would subject her to economic harm via diminished future job prospects, noting that "[i]f this concern justified proceeding anonymously, then any plaintiff involved in civil litigation against an employer in any lawsuit would be permitted to proceed anonymously"). Thus, the concerns raised by Plaintiff do not support anonymity. The aforementioned cases are instructive and yield the conclusion that, in an otherwise ordinary FLSA collective action concerning overtime compensation such as this one, where the only claimed "fear" is of retaliation or diminished future employment prospects, proceeding under a pseudonym is inappropriate.

    As to Plaintiff's authority, it too confirms that the Motion should be denied. Plaintiff relies exclusively on *Roes 1-2 v. SFBSC Mgmt., LLC*, 77 F. Supp. 3d 990 (N.D. Cal. 2015) to support her request for anonymity with respect to future opt-ins. *Roes* is inapposite, however. In *Roes*, the parties requesting anonymity were of exotic dancers and, therefore, the request for anonymity was related to concerns of privacy given that the nature of the work in question was, in the court's words, in "the area of human sexuality." *Id.* at 994. As the court in *Roes* acknowledged, there existed significant risks in disclosing the identity of the plaintiffs given the nature of the work, including significant social stigma and "substantial risk of harm," *e.g.*, by patrons, if their names

or addresses were publicly disclosed. *Id.* at 992–95. In fact, it is customary for exotic dancers to use pseudonyms for privacy and personal safety reasons in performing their actual employment. *See id.* In contrast, here, the collective is comprised of news reporters and news producers. The nature of the collective's work in this lawsuit does not involve implications of privacy or threats of substantial physical harm if opt-ins are required to proceed publicly, as is constitutionally required. The concerns present in *Roes* are simply not present here. Thus, *Roes* is not analogous, instructive, or otherwise persuasive in the context of this lawsuit and Plaintiff's Motion.

In fact, the portion of the *Roes* opinion cited by Plaintiff confirms that anonymity is inappropriate in this case. As per the *Roes* opinion, courts (in the Ninth Circuit) have found anonymity to be permissible in three situations: "(1) when identification creates a risk of retaliatory physical or mental harm; (2) when anonymity is necessary to 'preserve privacy in a matter of sensitive and highly personal nature'; and (3) when the anonymous party is 'compelled to admit [his or her] intention to engage in illegal conduct, thereby risking criminal prosecution[.]'" *See* Mot. at 2 (citing *Roes*, 77 F. Supp. 3d at 993 (quoting *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067–68 (9th Cir. 2000))). None of these scenarios are present here.[6] Therefore, *Roes*, like the controlling precedent of *Doe v. Frank*, 951 F.2d 320 (11th Cir. 1992), *supra*, counsels strongly against granting Plaintiff's Motion.

Even assuming that Plaintiff's claims of economic harm were sufficient under governing precedent—which they are not—the factual support for Plaintiff's contentions is also lacking. In support of her request, Plaintiff refers the Court to the testimony of Plaintiff and opt-in Plaintiff

---

[6] Plaintiff may assert in her reply that the asserted risk of retaliation falls under the first situation identified by the Court in *Roes*. However, it must be emphasized that the circumstance where courts in the Ninth Circuit have found anonymity permissible is "physical or mental harm," not the economic harm of retaliatory discharge claimed by Plaintiff.

Tiani Jones ("Ms. Jones"), who Plaintiff contends "testified with regard to other potential opt-in plaintiffs fearing of retaliation and being 'blackballed' in the industry for coming forward and joining this lawsuit." *See* Mot. at 3. However, Plaintiff's basis for claiming that these yet-to-be identified individuals are afraid is based on, at best, hearsay, and at worst, complete speculation. Specifically, Plaintiff testified that she "*believe[d]* that, given the opportunity," others would opt-in, and that "many of them are afraid to speak up and come forward." *See* Sept. 24, 2020 Hearing Transcript (ECF No. 70) at 36:15–37:4 (emphasis added). Plaintiff could not identify any of these individuals, nor did she offer any specifics to support this vague assertion or submitted any evidence in support of her Motion that would lend any credence to the self-serving contention that others have not come forward based on fear. Ms. Jones, on the other hand, testified only to her *personal* fear of being blackballed. *See id.* at 67:14–68:2 ("I think I would have been very afraid to opt in if I were still working in TV."). Thus, even if the alleged economic harm that Plaintiff has claimed in the Motion were sufficient to proceed pseudonymously, Plaintiff's attempt to extrapolate the personal beliefs of two individuals to an entire collective, without so much as a modicum of evidence, is yet another reason the Motion is due to be denied.

## CONCLUSION

Plaintiff's attempt to contravene the constitutional and legitimate interests of the public and maintain the anonymity of additional opt-in plaintiffs based on a purported "fear [of] retaliation" and little to no evidence is insufficient under both controlling and persuasive precedent. For this reason, as explained more fully above, Defendants respectfully request that Plaintiff's Motion be denied.

Baker & McKenzie LLP, 1111 Brickell Avenue, Suite 1700, Miami, Florida 33131 – (305) 789-8900

Respectfully submitted this 12th day of January, 2021.

> BAKER & MCKENZIE LLP
> *Attorneys for CBS Television Stations, Inc.*
> Sabadell Financial Center
> 1111 Brickell Avenue, Suite 1700
> Miami, Florida 33131
> Telephone: (305) 789-8900
> Facsimile:  (305) 789-8953
>
> By:  /s/ *William V. Roppolo*
> William V. Roppolo, Esq.
> Florida Bar No. 182850
> william.roppolo@bakermckenzie.com
>
> Benjamin C. Davis, Esq.
> Florida Bar No. 110734
> benjamin.davis@bakermckenzie.com
>
> *– and –*
>
> Blair J. Robinson (*Pro Hac Vice*)
> Paul C. Evans (*Pro Hac Vice*)
> BAKER & MCKENZIE LLP
> 452 Fifth Avenue
> New York, NY 10018
> Telephone: (212) 626-4100
> Facsimile: (212) 310-1632
> blair.robinson@bakermckenzie.com
> paul.evans@bakermckenzie.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on January 12, 2021, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: /s/ *Benjamin C. Davis*
Benjamin C. Davis, Esq.

Baker & McKenzie LLP, 1111 Brickell Avenue, Suite 1700, Miami, Florida 33131 – (305) 789-8900

## SERVICE LIST

**SILVA HARAPETI,**

v.

**CBS TELEVISION STATIONS, INC.**

**CASE NO. 20-20961-CIV-Williams**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Peter M. Hoogerwoerd, Esq.
REMER & GEORGES-PIERRE, PLLC
44 West Flagler Street
Suite 2200
Miami, Florida 33130
pmh@rgpattorneys.com
Phone: (305) 416-5000
Facsimile: (305) 416-5005
*Attorneys for Plaintiff Silva Harapeti*