UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE No.: 1:20-CV-20961-KMW

**SILVA HARAPETI,**
and other similarly situated individuals,

 Plaintiffs,

v.

**CBS TELEVISION STATIONS INC.,**
and **CBS BROADCASTING, INC.,**

 Defendants.
_____/

**PLAINTIFF, SILVA HARAPETI'S REPLY IN SUPPORT MOTION TO FILE OPT IN NOTICES PSEUDONYMOUSLY OR IN THE ALTERNATIVE UNDER SEAL AND REQUEST FOR ORAL ARGUMENT**

Plaintiff, SILVA HARAPETI ("Plaintiff"), hereby respectfully moves this Honorable Court for permission to file Opt-In Notices pseudonymously under seal, or in the alternative under seal, and in support thereof states as follows:

Defendants have incorrectly asserted that whether an FLSA opt-in plaintiff may file anonymously and under seal due to a fear of being retaliated or "blackballed" in the industry has been resolved in this Circuit. For this proposition, Defendants rely on *Doe v. Frank,* 951 F.2d 320 (11th Cir. 1992). The *Doe* case involved a postal worker who feared that his alleged disability, alcoholism, would cause him embarrassment. Defendants also rely on *In re Doe v. Univ. of Miami*, No. 12-cv-23933, 2012 U.S. Dist. LEXIS 200135(S.D. Fla. Nov. 28, 2012), the plaintiff claimed that he was kicked out of medical school due to a perception that he was behaviorally disabled due to attention deficit hyperactivity disorder (ADHD) and other mental disorders. *Id*., at *3. In his lawsuit against the medical school, the plaintiff asserted that anonymity was appropriate because therapy and medical treatments were at issue in the case, and disclosure of his name "would subject

him to serious social stigma and impair his ability to find future employment." Id., at *4–5.  Judge King denied the motion citing the need for public access to the courts and the and that "[t]he names of litigants are an integral element of public judicial proceedings and documents." *Id.*  Neither of these cases discuss opt-in plaintiffs in an FLSA collective action, who are qualitatively different from the named (lead) plaintiff proceeding anonymously.  Indeed, even the *Bloomberg* court dealt only with the named plaintiff proceeding under a pseudonym; the court held that, [u]nder Rule 10(a) of the Federal Rules of Civil Procedure, a complaint must "name all the parties."  *Michael v. Bloomberg L.P.,* No. 14-cv-2657 (TPG), 2015 U.S. Dist. LEXIS 16683(S.D.N.Y. Feb. 11, 2015) at *6.  In the case at bar, the Plaintiff is already named.  A relatively recent decision of the Eleventh Circuit in a matter of first impression held that employees who opted in became party plaintiffs upon the filing of their written consents, and nothing further was required.  *Mickles on behalf of herself v. Country Club Inc.*, 887 F.3d 1270 (11th Cir. 2018).  Therefore, nothing is to say that putative *opt-in* plaintiffs could not submit their consent forms under seal:

> Our Court has suggested a two-tiered approach in making a similarly-situated determination in opt-in collective actions. *Hipp*, 252 F.3d at 1217-19.5 At the first "notice stage," the district court decides whether notice of the action should be given to potential class members who could be similarly situated. *Id.* at 1218. This stage, which is usually based only on the pleadings and any affidavits submitted, typically results in "conditional certification" of a representative class. *Id.* "If the district court 'conditionally certifies' the class, putative class members are given notice and the opportunity to 'opt-in.' " *Id.* (quoting *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1214 (5th Cir. 1995) ). The action proceeds through discovery as a representative action. *Id.*
>
> The second stage is precipitated by a motion for decertification from the defendant, which is typically filed after discovery is complete and the matter is ready for trial. *Id*. At this stage, the court has more information and makes a factual determination of the similarly-situated question. *Id*. "If the claimants are similarly situated, the district court allows the representative action to proceed to trial." Id. (quotations omitted). **If they are not similarly situated, "the district court decertifies the class, and the opt-in plaintiffs are dismissed without prejudice."** *Id*. (quotations omitted). **The class representatives (the original plaintiffs) then proceed to trial on their individual claims.** *Id*.

*Mickles* at *1276 (emphasis supplied).

Here, the cases cited by Defendants are about the movant lead-plaintiff(s) to proceed anonymously and under seal. None of the cases cited by the Defendant address putative opt-in claimants who desire to join without public scrutiny and fear retaliation or worse, never being able to work in the news industry again. Further, Defendants do not address the alternative relief requested, for the opt-in Plaintiffs to merely file their consent forms under seal.

Moreover, some courts have permitted litigants to proceed anonymously or pseudonymously to protect them against possible *economic* retaliatory harm. For instance, the Court of Appeals for the Ninth Circuit concluded that "extraordinary" economic harm justified allowing Chinese workers, employed in the Mariana Islands, to proceed pseudonymously in their suit brought under the Fair Labor Standards Act of 1938 ( FLSA ) *Does I Thru XXIII v. Advanced Textile Corp.*, 214 F.3d at 1062. The Court of Appeals contrasted the " extreme nature of the retaliation " faced by these workers, which included termination of employment, deportation , and possible arrest upon their return to China, with the con sequences faced by "typical" FLSA plaintiffs, stating: "While threats of termination and blacklisting are perhaps typical methods by which employers retaliate against employees who assert their legal rights, the consequences of this ordinary retaliation to plaintiffs are extraordinary. " *Id.* at 1069, 1071 ; see also *Gomez v. Buckeye Sugars*, 60 F.R.D. 106, 106 (N.D. Ohio 1973) (permitting FLSA plaintiff employees to proceed anonymously " in order to safeguard against any possible reprisals by their employers that might result from the filing of this lawsuit."). In *Does I Thru XXIII v. Advanced Textile Corp.*, *supra* at 1068, the Court of Appeals held that in evaluating the severity of potential retaliatory action, the trial court should take into consideration, among other factors, the severity of the threatened harm, the reasonableness of the party's fears, and the party's vulnerability to harm. Applying this test,

the Court of Federal Claims permitted Native American plaintiffs to proceed anonymously in a Tucker Act proceeding that pitted their personal interests against the interests of the communities of which they were members. *Wolfchild v. United States*, 62 Fed. Cl. at 521. Citing the plaintiffs' risk of economic harm through the loss of per capita payments and their risk of losing membership in their communities if their identities were disclosed, the court found that the threatened harm was sufficiently severe to justify their request for anonymity. *Id*. at 553. The court also noted that letting these plaintiffs proceed anonymously accorded with the practice of the Bureau of Indian Affairs to provide anonymity for Native Americans in membership disputes with their communities. *Id*. at 554.

While these cases are obviously somewhat distinct, so is the fact that in this action, the named Plaintiff, Silva Harapeti is already named. The need for the public to know the names of the opt-ins who consent to join should be balanced with the economic retaliation that they may face as members of the media who will be in the media and may suffer retaliation or "blackballing" and may lose their career as a result of filing a single consent form vis a vis the public's need to know the names of those who would file their consent forms to join this lawsuit.

> The ultimate test for permitting a plaintiff to proceed anonymously is whether the plaintiff has a substantial privacy right which outweighs the "customary and constitutionally-embedded presumption of openness in judicial proceedings." *Stegall,* 653 F.2d at 186. . . . A judge, therefore, should carefully review all the circumstances of a given case and then decide whether the customary practice of disclosing the plaintiff's identity should yield to the plaintiff's privacy concerns. *Wynne & Jaffe*, 599 F.2d at 713.

*Doe v. Frank*, 951 F.2d 320 (11th Cir. 1992).

Plaintiff respectfully asks the Court for oral argument on the motion at bar.

By: /s/ Peter M. Hoogerwoerd  
Peter M. Hoogerwoerd, Esq.  
Florida Bar Number: 188239

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on January 19, 2021, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

William V. Roppolo, Esq.
william.roppolo@bakermckenzie.com
Benjamin C. Davis, Esq.
benjamin.davis@bakermckenzie.com
BAKER & MCKENZIE LLP
*Attorneys for CBS Television Stations, Inc.*
Sabadell Financial Center
1111 Brickell Avenue, Suite 1700
Miami, Florida 33131
Telephone: (305) 789-8900
Facsimile: (305) 789-8953

Blair J. Robinson (*Pro Hac Vice*)
blair.robinson@bakermckenzie.com
Paul C. Evans (*Pro Hac Vice*)
paul.evans@bakermckenzie.com
BAKER & MCKENZIE LLP
452 Fifth Avenue
New York, NY 10018
Telephone: (212) 626-4100
Facsimile: (212) 310-1632

By: /s/ Peter M. Hoogerwoerd
Peter M. Hoogerwoerd, Esq.
Florida Bar Number: 188239