**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

Case No. 20-CV-20961-WILLIAMS/LOUIS

SILVA HARAPETI, *and other similarly
situated individuals*,

    Plaintiffs,

v.

CBS TELEVISION STATIONS, INC.,
*et al.*,

    Defendants.

_____/

## **ORDER**

**THIS CAUSE** is before the Court on Plaintiff Silvia Harapeti's ("Plaintiff") Motion to File Opt-In Notices Pseudonymously or in the Alternative Under Seal ("Motion to Seal") (ECF No. 116). This Motion was referred to the undersigned pursuant to 28 U.S.C. § 636 and the Magistrate Judge Rules of the Local Rules of the Southern District of Florida, by the Honorable Kathleen M. Williams, United States District Judge (ECF No. 5). Having reviewed the Motion to Seal, Defendants' Response (ECF No. 123), Plaintiff's Reply (ECF No. 126), the supplemental declarations filed in support of Plaintiff's Motion to Seal (ECF Nos. 135-1, 140-1), Defendants' Response to Plaintiff's Supplemental Evidence (ECF No. 148), and being otherwise duly advised on the matters, the Court hereby **DENIES** Plaintiff's Motion to Seal.

    **I.**    **BACKGROUND**

This case is brought by Plaintiff Silva Harapeti on behalf of herself and other similarly situated individuals against CBS Television Stations, Inc. and CBS Broadcasting, Inc. (collectively "Defendants") for unpaid wages and overtime due to misclassification of employee status under

1

the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA"); and on behalf of Plaintiff individually for unlawful, retaliatory discharge in violation of the FLSA (ECF No. 95). This Court previously granted, in part, Plaintiff's Corrected Motion for Conditional Certification and Facilitation of Court-Authorized Notice Pursuant to 29 U.S.C. § 216(b) (ECF No. 121). In doing so, the Court conditionally certified a class of employees who worked for Defendants at WFOR-TV as a Freelance Television Journalist or Producer at any time within the three years prior to the filing of this action, and allowed individuals from within this conditionally certified class to opt-in to the litigation by filing an opt-in notice pursuant to 29 U.S.C. § 216(b) (*id*.).

Now, Plaintiff seeks to file these opt-in notices either pseudonymously or under seal to conceal the identities of the opt-in plaintiffs from the Defendants and the public (ECF No. 116). Plaintiff's basis for this request is that there are a "body of putative opt-in Plaintiffs and/or witnesses within WFOR-TV and outside of the Miami, Florida television market who desire to join this lawsuit and may join this lawsuit provided that they remain anonymous to the public because they fear retaliation or fear being 'blackballed' in the industry for participating in litigation against a media conglomerate such as the Defendants in this action" (*id*. at 1).

At a March 9, 2021 status conference, the Court permitted Plaintiff to supplement the Motion to Seal with evidence, as no evidence was attached to support Plaintiff's factual averments in the Motion. (ECF No. 133). Plaintiff filed two declarations: the declaration of Kristen Cole, a former employee of WCBS-TV in New York; and the declaration of Silvia Harapeti (ECF Nos. 135-1, 140-1). The declarations describe the work conditions these two journalists endured over their combined 17 years with Defendants, from 2001 (Cole) to 2018 (Harpeti) (*id*.). In response to both the Motion to Seal and the supplemental evidence, Defendants maintain that Plaintiff has not provided a basis on which to proceed anonymously, and that granting the Motion to Seal would be

contrary to controlling precedent (ECF Nos. 116, 148).

**II.     DISCUSSION**

"Generally, parties to a lawsuit must identify themselves in their respective pleadings. Fed. R. Civ. P. 10(a) requires a complaint to 'include the names of all the parties.' This rule serves more than administrative convenience. It protects the public's legitimate interest in knowing all of the facts involved, including the identities of the parties." *Doe v. Frank*, 951 F.2d 320, 322 (11th Cir. 1992) (citations omitted). However, the Eleventh Circuit has found that there are certain exceptional circumstances that "give rise to the level necessary to overcome the presumption of openness in judicial proceedings or the explicit requirements of Rule 10(a)." *Id.* at 324. Namely, "[a] plaintiff should be permitted to proceed anonymously only in those exceptional cases involving matters of a highly sensitive and personal nature, real danger of physical harm, or where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity. The risk that a plaintiff may suffer some embarrassment is not enough." *Id.*

In determining whether a plaintiff has a substantial privacy right that outweighs the customary and constitutionally-embedded presumption of openness, courts should look to the following factors: "(1) whether plaintiffs seeking anonymity are challenging governmental activity; (2) whether they will be required to disclose information of the utmost intimacy; (3) whether plaintiffs will be compelled to admit their intention to engage in illegal conduct and thus risk criminal prosecution; (4) whether the plaintiffs were minors; (5) whether they were threatened with violence or physical harm by proceeding in their own names and; (6) whether their anonymity posed a unique threat of fundamental unfairness to the defendant." *Doe v. City of Vero Beach*, No. 2:19-14212, 2019 WL 4277045, at *2 (S.D. Fla. Sept. 10, 2019) (citing *Frank*, 951 F.2d at 323) (denying plaintiff's request to file class action complaint anonymously).

Plaintiff's Motion does not contend that the case involves matters of a highly sensitive nature nor that opt-in plaintiffs would face a real danger of physical harm. Instead, Plaintiff alleges a generalized fear on behalf of witnesses or opt-in plaintiffs of retaliation by their employers and being "blackballed" from their industry as a whole. However, such "generalized assertions of fear do not outweigh the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Gerzon v. IHOP Rest. Corp.*, No. 8:17-CV-870-T-27TBM, 2017 WL 1957075, at *4 (M.D. Fla. Apr. 19, 2017), *report and recommendation adopted*, No. 8:17-CV-870-T-27TBM, 2017 WL 1954821 (M.D. Fla. May 10, 2017) (finding that despite plaintiff's contention "that a very serious criminal could be looking for her" she failed to offer any "specific or concrete evidence . . . establishing the need for anonymity or protection.").

Plaintiff supports her Motion with two declarations, which evidence a toxic and extremely problematic work environment for many years preceding Plaintiff's filing of this suit, but the evidence provided by the declarants falls far short of articulating the unique threat that might justify deviation from the presumption of openness. The declaration of Kirsten Cole describes her experience working as a full-time employee at WCBS-TV in New York from 2001-2010 (ECF No. 135-1). Cole describes her successes as a journalist; states that she and other journalists at her station were not properly paid overtime in violation of their AFTRA (American Federation of Television and Radio Artists labor union) station contract; claims that after discussing this violation amongst fellow employees, she was wrongfully terminated on the basis of taking more vacation days than she was owed; states that after leaving WCBS-TV she began freelancing for a competitor; and further claims that she did not get offered a highly coveted job at CNN because of her previous boss—a claim that seems to be based solely on the fact that CNN questioned her about her departure from her previous job during her job interview (*id.*). Similarly, Harapeti's

declaration describes the activities alleged in her complaint in this case, as well as her allegations in the separate lawsuit filed against CBS Television (Case No. 1:20-CV-22995-KMW), including pay violations (ECF No. 140-1). She also describes examples of stories she has been told by unknown sources at unidentified news stations from an unknown timeframe regarding intimidation, bullying, retaliation, and improper pay—none of which allegedly stemmed from joining a lawsuit. So while Plaintiff has advanced evidence of vindictive managers and worse, the retaliatory conduct described in the declarations all occurred before—and is necessarily unrelated to—any of the witnesses' participation in a lawsuit, including Plaintiff herself, who attributes at least some of the consequences she suffered at the hands of Defendants to an event that occurred in 2016, and which had nothing to do with her complaints of unfair pay practices.

Not only is the proffered reason for anonymity generalized, the circumstances surrounding the litigation fail to meet any of the factors considered by the Court in determining whether the opt-in plaintiffs have a substantial privacy right that outweighs the presumption of openness. There is no challenge to governmental activity; the disclosure of intimate information is not required; there is no risk of criminal prosecution; there are no minors involved; and there is no alleged threat of physical violence or harm. *See City of Vero Beach*, 2019 WL 4277045, at *2.

In her Reply, Plaintiff contends that cases in other judicial circuits have permitted litigants to proceed anonymously or pseudonymously to protect them against possible *economic* retaliatory harm (ECF No. 126 at 3-4). Other courts, however, have better reasoned that where a plaintiff seeks an economic benefit from the suit—a dollar recovery from a statutory cause of action—there is even less justification for allowing a plaintiff to proceed anonymously. *See*, *e.g.*, *Luckett v. Beaudet*, 21 F. Supp. 2d 1029, 1030 (D. Minn. 1998) (cited with approval by Judge Hill in concurrence in *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 690 (11th Cir. 2001)).

Furthermore, Plaintiff heavily relies on *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, (9th Cir. 2000), to assert economic harm is a ground for anonymity. In that case, however, the plaintiffs did not just fear economic retaliation but, rather, retaliation of an "extreme nature" which included being "deported from Saipan, and arrested and imprisoned by the People's Republic of China"; a fear which plaintiffs substantiated with evidence. *Id*. at 1063-63, 1071-72.

Furthermore, Plaintiff contends that because this is an FLSA collective action with a named plaintiff, Rule 10(a) is satisfied; and because opt-in plaintiffs need only to file their written consent to become a party plaintiff, opt-in plaintiffs should be treated differently and be allowed to file their consents anonymously. Plaintiff provides no support for this proposition, and unlike traditional class actions in which a few named plaintiffs represent a largely anonymous class, the FLSA specifically requires each individual additional plaintiff to affirmatively opt-in to a case by filing a written consent. 29 U.S.C. § 216(b) ("No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought"). As there is no dispute that opt-in plaintiffs are indeed parties to the lawsuit, the fact that one plaintiff is named does not alleviate or moot the presumption of openness in judicial proceedings.

### III.   CONCLUSION

For the forgoing reasons, Plaintiff's Motion to File Opt-In Notices Pseudonymously or in the Alternative Under Seal (ECF No. 116) is **DENIED**. Any employee who desires to opt-in to this litigation must do so by filing a public notice of consent to join.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 9th day of April, 2021.

LAUREN LOUIS
UNITED STATES MAGISTRATE JUDGE