**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

Case No. 20-CV-20961-WILLIAMS/LOUIS

SILVA HARAPETI, *and other similarly situated individuals*,

    Plaintiffs,

v.

CBS TELEVISION STATIONS, INC.,
*et al.*,

    Defendants.

_____/

**ORDER**

**THIS CAUSE** is before the Court on Plaintiff Silva Harapeti's ("Plaintiff") Motion to Strike Defendants' Affirmative Defenses ("Motion to Strike") (ECF No. 114). This Motion was referred to the undersigned pursuant to 28 U.S.C. § 636 and the Magistrate Judge Rules of the Local Rules of the Southern District of Florida, by the Honorable Kathleen M. Williams, United States District Judge (ECF No. 5). Having reviewed the Motion to Strike, Defendants' Response (ECF No. 124), Plaintiff's Reply (ECF No. 125), Defendants' Answer and Affirmative Defenses to Plaintiff's Amended Complaint (ECF No. 107), and being otherwise duly advised on the matters, Plaintiff's Motion to Strike is **GRANTED, in part** and **DENIED, in part**, as follows.

    **I.**    **BACKGROUND**

This case is brought by Plaintiff Silva Harapeti on behalf of herself and other similarly situated individuals against CBS Television Stations, Inc. and CBS Broadcasting, Inc. (collectively "Defendants") for unpaid wages and overtime due to misclassification of employee status under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA"); and on behalf of Plaintiff individually for unlawful, retaliatory discharge in violation of the FLSA (ECF No. 95). In

answering Plaintiff's Amended Complaint, Defendants assert 21 affirmative defenses (ECF No. 107). Of these 21 affirmative defenses, Plaintiff moves to strike 17 of them. Each of these contested affirmative defenses at will be addressed below.

**II.     LEGAL STANDARD**

"[A]ffirmative defenses are not subject to the heightened pleading standard elucidated in *Twombly* and *Iqbal*. The straightforward construction of Rule 8 delineates different standards for pleadings generally, and those applicable to defenses." *Dionisio v. Ultimate Images & Designs, Inc.*, 391 F. Supp. 3d 1187, 1192 (S.D. Fla. 2019) (referencing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L.Ed.2d 868 (2009)). *See also Laferte v. Murphy Painters, Inc.*, No. 17-CIV-60376, 2017 WL 2537259, at *2 (S.D. Fla. June 12, 2017) (same). Pursuant to Federal Rule 8(b)(1)(A), a party responding to a pleading need only "state in short and plain terms its defenses to each claim asserted against it." *Pinto v. Markel Ins. Co.*, No. 13-CV-24644, 2014 WL 11881024, at *1 (S.D. Fla. Apr. 21, 2014) (citing Fed. R. Civ. P. 8(b)(1)(A)).

A "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). However, "a motion to strike will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties" for such a motion "is considered a drastic remedy and is often disfavored." *Dionisio,* 391 F. Supp. 3d at 1191 (citations omitted). Only when an affirmative defense "is comprised of no more than 'bare-bones, conclusory allegations' or is 'insufficient as a matter of law'" should it be stricken. *Northrop & Johnson Holding Co., Inc. v. Leahy*, No. 16-cv-63008, 2017 WL 5632041, at *3 (S.D. Fla. Nov. 22, 2017) (citing *Adams v. Jumpstart Wireless Corp.*, 294 F.R.D. 668, 671 (S.D. Fla. 2013), and *Home Mgmt. Solutions, Inc. v. Prescient, Inc.*,

No. 07-20608-CIV, 2007 WL 2412834, at *2 (S.D. Fla. Aug. 21, 2007)).

## III.    DISCUSSION

### A. Affirmative Defenses 11 and 19

Affirmative defenses 11 and 19 relate to Defendants' averred entitlement to a credit or set-off if liable for damages.[1] Plaintiff argues that these defenses should be stricken because set-offs are inappropriate in FLSA cases, relying on *Brennan v. Heard*, 491 F.2d 1 (5th Cir. 1974); *Leite v. Tremron, Inc.*, 2012 WL 4049962 (S.D. Fla. 2012); and *Fernandez v. Xpress Painting Corp.*, 2012 WL 3562255 (S.D. Fla. 2012). However, as noted by all three of these cases, there are exceptions to when such set-offs are permissible.

Indeed, "an affirmative defense of a set-off may be properly asserted in an FLSA case, so long as such a set-off does not reduce the amount a plaintiff can recover below the statutory minimum wage." *Laferte v. Murphy Painters, Inc.*, No. 17-CIV-60376, 2017 WL 2537259, at *4 (S.D. Fla. June 12, 2017). *See also Leite*, 2012 WL 4049962, at *3; *Fernandez*, 2012 WL 3562255, at *9 ("an employer could raise the affirmative defense of set-off in a case where the employee received overpayment of wages"). "Whether Plaintiff's wages will fall beneath the statutory minimum must be determined through discovery." *Laferte*, 2017 WL 2537259, at *4. As such, Plaintiff's request to strike affirmative defenses 11 and 19 is denied.

### B. Affirmative Defenses 6, 7, 8, 12, and 13

Plaintiff avers that affirmative defenses 6, 7, 8, 12 and 13 should all be stricken because they amount to no more than a mere denial of an element of Plaintiff's claim. The Court disagrees.

---

[1] Specifically, affirmative defense 11 states that "[t]o the extent Plaintiff is entitled to damages, Defendants are entitled to a credit for, or set off against, amounts overpaid to her in the course of her employment, as well as credit for overtime and other premium payments already made to her," and affirmative defense 19 states "Defendants assert that any interim earnings or amounts earnable with due diligence by Plaintiff reduces Plaintiffs entitlement to back pay, if any" (ECF No. 107 at 15-16).

3

Affirmative defense 6 states "Plaintiff's claims in Counts I and II are barred in whole or in part, by the provisions of the Portal-to-Portal Act, 29 U.S.C. § 254, as to all hours during which Plaintiff was engaged in activities that were not compensable work under the FLSA, and were not integral and indispensable part of her principal activities, including non-compensable activities that were preliminary or postliminary to her principal activities" (ECF No. 107 at 14). This is not a mere denial, but instead a defense that Defendants should not be held liable under the FLSA for "activities which are preliminary to or postliminary to said principal activity or activities." 29 U.S.C. § 254(a).

Affirmative defense 7 similarly states "[t]o the extent that Plaintiff and any purported similarly-situated employees are found to be non-exempt for purposes of the FLSA's overtime requirement, Defendants assert that any insubstantial or insignificant periods of recorded working time beyond the scheduled working hours, which as a practical administrative matter cannot be recorded precisely for payroll purposes, are de minimis and may be properly disregarded for payroll purposes" (ECF No. 107 at 14). This too is not a mere denial, but rather a valid affirmative defense, which provides sufficient notice of Defendants' challenges to compensation for de minimis time. *See Adams* , 294 F.R.D. at 672 (denying the request to strike an affirmative defense "that the time for which Plaintiff seeks compensation is de minimis"); *Andrade v. Redrock Travel Grp.*, LLC, No. 619CV173ORL22GJK, 2019 WL 2214808, at *3 (M.D. Fla. Apr. 29, 2019) ("A de minimis defense can be asserted under the FLSA.").

Likewise, affirmative defense 8 is not a mere denial. Defendants assert "[t]o the extent that Plaintiff and any purported similarly-situated employees are found to be non-exempt and seek compensation for any bona fide meal or rest periods thirty (30) minutes in duration or longer, such time is not compensable in accordance with the FLSA" (ECF No. 107 at 14). Such meal and rest

periods raised by affirmative defense 8 are generally not compensable under the FLSA unless employees are "subject to significant affirmative responsibilities" during those times. *Kohlheim v. Glynn Cty., Ga.*, 915 F.2d 1473, 1477 (11th Cir. 1990).

Nor should affirmative defenses 12 and 13 be stricken.[2] Affirmative defense 12 challenges standing, which is properly raised as an affirmative defense. *See Ramnarine v. RG Grp.*, Inc., No. 12-80264-CIV, 2012 WL 2735340, at *3 (S.D. Fla. July 9, 2012); *Ramnarine v. CP RE Holdco 2009-1, LLC*, No. 12-61716-CIV, 2013 WL 1788503, at *4 (S.D. Fla. Apr. 26, 2013) (refusing to strike an affirmative defense of standing, noting that even if "standing does not technically meet the definition of an affirmative defense, it may still be viewed as a type of denial . . . And, whether regarded as a specific denial or an affirmative defense, Defendants' invocation of standing still serves the laudable purpose of placing Plaintiff and the Court on notice of certain issues Defendant intends to assert against Plaintiff's claims") (citations omitted). Even if affirmative defenses 12 and 13 are simply denials, that is not a ground for striking them. Instead, this District has repeatedly held that "when a defendant labels a specific denial as an affirmative defense, the proper remedy is not to strike the defense, but instead to treat it as a denial." *Adams*, 294 F.R.D. at 671. *See also Ramnarine*, 2013 WL 1788503, at *4. With no other basis proffered for striking these defenses, Plaintiff's request to strike affirmative defenses 6, 7, 8, 12, and 13 is denied.

C. **Affirmative Defense 5**

Defendant's affirmative defense number 5 states "Plaintiff's claims are barred in whole or in part by exemptions, exclusions, and credits provided for in 29 U.S.C. § 213" (ECF No. 107 at 14). Plaintiff contends that this affirmative defense should be stricken because it fails to identify

---

[2] Affirmative Defense 12 states "Plaintiff does not have standing to represent the individuals she seeks to represent under the FLSA" and affirmative defense 13 states "This lawsuit cannot be maintained as a collective action because Plaintiff(s) failed to identify any uniform policy that facially created an overarching unlawful pay practice in violation of the FLSA" (ECF No. 107 at 15).

5

any supporting facts or identify which exemptions Defendants intend to claim, and thus is inadequately pled. The Court agrees. Because Defendants failed "to identify the particular FLSA exemption(s) that apply, Defendants' affirmative defense does not provide Plaintiff adequate notice to permit Plaintiff to properly litigate this issue." *Dionisio*, 391 F. Supp. 3d at 1193. However, "[w]here a defendant pleads generally that a plaintiff is not covered under the FLSA, but fails to identify the specific FLSA exemptions that are applicable, the defendant should be given leave to amend the defense." *Id.* Thus, Defendants' affirmative defense number 5 is stricken, with leave to amend.

### D. Affirmative Defenses 16, 17, and 20

Plaintiff attacks affirmative defenses 16, 17 and 20 on the sole basis that the doctrine of estoppel is not recognized under the FLSA.[3] However, "[b]inding precedent in this Circuit establishes that the affirmative defense of estoppel is available in response to an FLSA claim where the employee affirmatively misleads the employer regarding the number of hours worked and the employer had no knowledge of the employee's actual hours." *Dionisio*, 391 F. Supp. 3d at 1195. As such, Plaintiff's generalized challenge to estoppel defenses necessarily fails.

However, despite estoppel being a proper defense under certain circumstances, Defendants' bare-bones, conclusory defenses here provide no facts to suggest they are applicable to the instant action, *i.e.* that Plaintiff misled Defendants about her hours worked, and thus fail to meet the pleading standards of Federal of Civil Procedure 8(b). *See Dionisio*, 391 F. Supp. 3d at

---

[3] Affirmative defense 16 states "Defendants assert that Plaintiff[']s claims are barred by the doctrines of unclean hands, estoppel, waiver, and laches, and are otherwise without merit"; affirmative defense 17 states "Defendants assert that it is not liable for any alleged wrongful action taken by employees of Defendants that were taken outside the scope and course of their duties and which were not authorized, condoned, or ratified by Defendants"; and affirmative defense 20 states "[t]o the extent Plaintiff[']s damages, if any, were caused or exacerbated by any act, or failure to act, on the part of Plaintiff, any damages awarded to Plaintiff should be reduced accordingly" (ECF No. 107 at 15-16).

1195. Furthermore, with respect to defense number 16, neither waiver nor latches are an available defense in FLSA cases. *Id*. (citing *Groves v. Patricia J. Dury, M.D., P.A.*, No. 2:06CV338FTM99SPC, 2006 WL 2556944, at *1-2 (M.D. Fla. Sept. 1, 2006); *Caballero v. Lantern Motors, Inc.*, No. 2:14-CV-641-FTM-38, 2015 WL 3407913, at *2 (M.D. Fla. May 27, 2015)). As such, Defendants' affirmative defenses 16, 17 and 20 are stricken with leave to amend.

### E. Affirmative Defenses 3, 4, 9, 14, and 15

Plaintiff contends that defenses 3, 4, 9, 14, and 15 are all inadequately pled good-faith defenses, and that "[i]n order to succeed on these distinct defenses, Defendants would have to prove that the acts or omissions complained of were (1) in good faith; (2) in conformity with; and (3) in reliance on an administrative regulation, order, ruling, approval or interpretation of an agency of the United States" (ECF No. 114 at 4) (citing *Zeron vs. C&C Drywall, Inc*., 2009 WL 2461771 (S.D. Fla. 2009)). Plaintiff here articulates the elements of an affirmative defense to liability under the Portal-to-Portal Act, and her argument assumes that these elements apply to all affirmative defenses based on good faith. While examination of the challenged affirmative defenses leads me to conclude that Plaintiff's argument is misplaced, because none appear to seek to avoid liability on the basis of good faith, not all five of these asserted affirmative defenses can stand as drafted.

Affirmative defense number 9 states: "Plaintiff may not recover liquidated damages because Defendants acted reasonably and in good faith and did not commit any willful violations of any of the provisions of the FLSA[,] Defendants did not authorize or ratify any willful violation with respect to Plaintiff or any purported similarly-situated employees[,] and Plaintiff failed to plead sufficient facts to support recovery of such damages" (ECF No 107 at 14). The Eleventh Circuit has recognized that, pursuant to 29 U.S.C. § 260, there is "a good faith defense, which

gives the court discretion to reduce or deny an award of liquidated damages if the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the Fair Labor Standards Act." *Alvarez Perez v. Sanford-Orlando Kennel Club, Inc.*, 515 F.3d 1150, 1163 (11th Cir. 2008). However, as drafted, Defendants' affirmative defense here lacks sufficient details to give proper notice of the theory of defense; accordingly, Plaintiff's Motion to strike this affirmative defense is granted, with leave to amend. *Stelly v. City of W. Palm Beach, Fla.*, No. 10-80794-CIV, 2010 WL 11596542, at *3 (S.D. Fla. Sept. 28, 2010); *compare Aidone v. Nationwide Auto Guard, L.L.C.*, 295 F.R.D. 658, 662 (S.D. Fla. 2013) (denying motion to strike and finding sufficient detail allege where defendant specified that its theory of defense relied on its good faith belief that plaintiff was an independent contractor).

Affirmative defense 4 states "Defendants assert that any acts or omissions which may be found to be in violation of the rights afforded by the FLSA were not willful but occurred in good faith with reasonable grounds for believing Defendants were in full compliance with the FLSA. As such, the statute of limitations can be no longer than two years pursuant to 25 U.S.C. § 255(a)" (ECF No. 107 at 13). Indeed, the FLSA provides that actions to enforce its provisions must be commenced within two years "except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued." 29 U.S.C. § 255(a). Thus, affirmative defense 4 is a valid defense, and Defendants need not provide more to place Plaintiff on notice of the defense. *See Dionisio*, 391 F. Supp. 3d at 1196 ("An assertion of a statute of limitations defense puts Plaintiff on notice as to the nature of the defense."); *Smith v. Wal-Mart Stores, Inc.*, No. 1:11-CV-226-MP-GRJ, 2012 WL 2377840, at *5 (N.D. Fla. June 25, 2012) ("Simply stating that Plaintiff's claims are barred by the statute of limitations is sufficient to put

Plaintiff on notice of a statute of limitations defense."). As such, Plaintiff's request to strike affirmative defense 4 is denied.

Defendants explain in their Response that affirmative defenses 14 and 15 plead good faith and non-retaliatory affirmative defenses to Plaintiff's retaliation claim (Count III), not Plaintiff's FLSA claims (ECF No. 124 at 10).[4] Because a defendant bears "the burden of coming forward with a legitimate non-retaliatory reason for their adverse employment action" to defeat a *prima facie* case of retaliation under the FLSA, defenses 14 and 15 are proper and sufficient to put Plaintiff on notice. *Ramos v. Hoyle*, No. 08-21809-CIV, 2009 WL 2151305, at *8 (S.D. Fla. July 16, 2009). *See also Belmer v. Ezpawn Fla., Inc.*, No. 8:20-CV-1470-T-33SPF, 2020 WL 7419663, at *2 (M.D. Fla. Sept. 28, 2020) (declining to strike an affirmative defense that "[a]ll employment related decisions made with respect to [p]laintiff, or which affected [p]laintiff, were made in good faith, and for legitimate, non-discriminatory and non-retaliatory reasons," finding it sufficiently put plaintiff on notice; this is nearly verbatim to Defendants' affirmative defense 14,). Having no other reason proffered for the striking of these defenses, Plaintiff's request to strike affirmative defenses 14 and 15 is denied.

Affirmative defense 3 states "Defendants assert that they took reasonable measures to prevent and correct any alleged violations of the FLSA and Plaintiff failed to take advantage of corrective opportunities provided." While recognized as a defense to claims involving harassment, such a claim is inapplicable to the claims at hand. *See Faragher v. City of Boca Raton*, 524 U.S.

---

[4] Affirmative defense 14 states "Defendants assert that all employment-related decisions made with respect to Plaintiff, or which affected Plaintiff in any way, were made in good faith, for legitimate, nondiscriminatory, non-retaliatory business reasons. Further, Defendant asserts that Plaintiff voluntarily resigned her employment" and affirmative defense 15 states "Defendants assert that it would have made the same employment decisions with respect to Plaintiff in the absence of any alleged impermissible reason, and thus, Defendants cannot be held liable for any monetary damages, including back pay, front pay, lost benefits, or for compensatory damages, or other affirmative relief" (ECF No. 107 at 15).

775, 807–08, 118 S.Ct. 2275, 141 L.Ed.2d 662 (1998); *Morris v. Wallace Cmty. Coll.-Selma*, 125 F. Supp. 2d 1315, 1328 (S.D. Ala. 2001), *aff'd sub nom. Morris v. Wallace Cmty.*, 34 F. App'x 388 (11th Cir. 2002) ("[T]he Eleventh Circuit has repeatedly invoked *Faragher* . . . but has done so exclusively in the harassment context. Absent cogent argument from the defendants, the Court cannot conclude that the affirmative defense articulated in *Faragher* . . . applies outside the harassment context."). Defendants have provided no basis on which to conclude this defense is applicable to the case at hand, and as such affirmative defense 3 is stricken.

### F. Affirmative Defense 21.

Affirmative defense 21 states that "[t]his Court does not have personal jurisdiction over Defendants' employees who were not employed by Defendant in Florida." In support of this Defense, Defendants rely on the Supreme Court's 2017 decision in *Bristol-Myers Squibb Co. v. Superior Court*, 137 S. Ct. 1773 (2017).[5] However, courts in this circuit have previously addressed the *Bristol-Myers Squibb Co.* holding in the context of FLSA actions:

> As stated, the FLSA collective action provision permits employees to bring claims on behalf of themselves and other employees "similarly situated." 29 U.S.C. § 216(b). Nothing in the plain language of the statute limits its application to "similarly situated" in-state plaintiffs. Moreover, the Eleventh Circuit has recognized that Congress' purpose in authorizing § 216(b) was to avoid multiple lawsuits where numerous employees have allegedly been harmed by a claimed violation or violations of the FLSA by a particular employer. In the Court's view, then, Defendant's suggested reading of *Bristol-Meyers* would frustrate the intent of Congress in enacting the collective action provision of the FLSA. The Court therefore finds that *Bristol-Meyers* does not divest the Court of personal jurisdiction, regardless of where the opt-in plaintiffs may have suffered their alleged injuries.

*Aiuto v. Publix Super Markets, Inc.*, No. 1:19-CV-04803-LMM, 2020 WL 2039946, at *5 (N.D.

---

[5] Though affirmative defense 21 challenges personal jurisdiction, Defendants' Response argues the validity of the affirmative defense based on the Supreme Court's holding that for a court to exercise specific jurisdiction "there must be an affiliation between the forum and the underlying controversy, principally, an activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation." *Bristol-Myers Squibb Co*., 137 S. Ct. at 1780 (citation omitted).

10

Ga. Apr. 9, 2020). Additionally, affirmative defense 21 is no longer applicable to the case at hand as the Court conditionally certified a class of class consisting only of those employees who worked for CBS Television at WFOR-TV, which is located in Florida (ECF No. 121). Thus, affirmative defense 21 is stricken.

### G. Defendants' Reservation of Rights

Lastly, Plaintiff takes issue with Defendants' reservation of "the right to amend their affirmative defenses or raise any additional affirmative defenses as discovery may reveal" (ECF No. 107 at 16). Though not presented as an affirmative defense, Plaintiff argues that such a reservation of rights is prohibited and must be stricken. The Court agrees. Such a reservation of rights "is a nullity and surplusage as Defendants will still have to move for leave to amend to raise new defenses." *Merrill Lynch Bus. Fin. Servs., Inc. v. Performance Mach. Sys. U.S.A., Inc.*, No. 04-60861-CIVMARTINEZ, 2005 WL 975773, at *12 (S.D. Fla. Mar. 4, 2005). Thus, Plaintiff's request to strike Defendants' reservation of rights is granted.

### IV. CONCLUSION

For the foregoing reasons, Harapeti's Motion to Strike Defendants' Affirmative Defenses (ECF No. 114) is **GRANTED, in part** and **DENIED, in part**. Specifically, affirmative defenses 3, 5, 9, 16, 17, 20 and 21 are stricken, as is Defendant's reservation of rights. Defendants may amend affirmative answers 5, 9, 16, 17 and 20 by May 24, 2021.

**DONE AND ORDERED** in Chambers this on this 10th day of May, 2021.

_____
LAUREN F. LOUIS
UNITED STATES MAGISTRATE JUDGE