UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-CV-20961-WILLIAMS/LOUIS

SILVA HARAPETI,

    Plaintiff,

v.

CBS TELEVISION STATIONS, INC.,
*et al.*,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

**THIS CAUSE** is before the Court on Defendants' Motion to Strike the Notices of Consent to Join Opt-In Plaintiffs Tania Francois ("Ms. Francois") and AnnMarie Henry ("Ms. Henry") (ECF No. 130). This Motion was referred to the undersigned United States Magistrate Judge, pursuant to 28 U.S.C. § 636 and the Magistrate Judge Rules of the Local Rules of the Southern District of Florida, by the Honorable Kathleen M. Williams, United States District Judge (ECF Nos. 5, 35). Having reviewed the Motion, Plaintiff's Response (ECF No. 144), the Notices of Consent to Join (ECF Nos. 128; 129), Defendants' Reply (ECF No. 147) and being otherwise duly advised on the matter, the undersigned hereby recommends that Defendants' Motions be **DENIED**.

The Eleventh Circuit has suggested a two-part analysis to determine whether a plaintiff is sufficiently situated to other employees in order to support an opt-in class action: the first stage, or notice stage, during which conditional certification may be granted and the putative class given notice and provided an opportunity to opt-in; and the second stage, which is typically precipitated

1

by a motion for 'decertification' and occurs after discovery is largely completed. *See Hipp v. Liberty Nat. Life Ins. Co.*, 252 F.3d 1208, 1218 (11th Cir. 2001). This Court previously granted, in part, Plaintiff's Corrected Motion for Conditional Certification and Facilitation of Court-Authorized Notice Pursuant to 29 U.S.C. § 216(b) (ECF No. 121). In doing so, the Court conditionally certified a class of employees who worked for CBS Television at WFOR-TV as Freelance Television Journalists or Producers at any time within the three years prior to the filing of this action on January 29, 2020 (*id.*). Notice and the opportunity to opt-in is currently being provided to this conditionally certified class.

While now is the time for members of the punitive class to opt-in to this litigation, Defendants aver that Ms. Francois and Ms. Henry do not fall into this conditional class as neither of these individuals worked for CBS Television at WFOR-TV as a Freelance Television Journalist or Producer. Indeed, the Court recognizes that, pursuant to their respective Notices of Consent to Join, Ms. Francois worked as an Assistant Editor and Ms. Henry worked as a Production Associate (ECF Nos. 128; 129).[1]

However, this is not the first time Defendants have sought to raise individual issues with Notices of Consent to Join Opt-In Plaintiffs. Defendants previously sought to dismiss three Notices of Consent to Join Opt-In Plaintiffs on the basis that these opt-in plaintiffs did not work within the three-year period certified by the Court (ECF Nos. 106; 110). The undersigned previously issued a Report and Recommendation recommending that Defendants' request be denied, finding it is more appropriate to address the individual Notices of Consent to Join Opt-In Plaintiffs during the second stage of the class certification analysis.

---

[1] It is not clear from the Notices of Consent to Join whether these individuals worked as freelancers. In support of their Motion, however, Defendants filed a declaration stating that Ms. Francois was a full-time salaried employee and Ms. Henry was hired as a freelance employee in 2012, but later became a part-time employee paid by the hour and not by the day in 2015 (ECF No. 130-1).

As the undersigned previously explained, individualized issues with opt-in notices are more appropriately addressed through summary judgment motions or motions for decertification once the parties have had the benefit of discovery. *See Knott v. Dollar Tree Stores, Inc.*, No. 6:08-CV-0693-LSC, 2009 WL 10671403, at *1 (N.D. Ala. May 5, 2009) (granting, in part, defendant's motion for summary judgment and dismissing certain opt-in plaintiffs whose employment fell outside the statute of limitations period). This is supported by the Southern District's recognition, albeit in a different posture than this motion, that individual challenges to putative plaintiffs are addressed during the second stage of the class certification analysis. *See Anish v. Nat'l Sec. Corp.*, No. 10-80330-CIV, 2012 WL 1906500, at *4 (S.D. Fla. May 25, 2012) ("[T]he court will examine the individual plaintiffs' disparate factual and employment settings, as well as the various defenses available to the defendant which appear to be individual to each plaintiff, during the 'second stage' analysis after the close of discovery." (citation omitted)); *see also Riddle v. Suntrust Bank*, No. 1:08-CV-1411-RWS, 2009 WL 3148768, at *3 (N.D. Ga. Sept. 29, 2009) ("The appropriate time to address issues of individual differences between putative class members and whether any particular individual is exempt is after the completion of discovery and during the second stage of the certification determination.").

Thus, it is recommended that Defendants' Motion to Strike the Notices of Consent to Join Opt-In Plaintiffs Tania Francois and AnnMarie Henry (ECF No. 130) be **DENIED,** without prejudice, and that Defendants be allowed to raised such individualized issues during the second stage of this litigation when the Court addresses decertification.

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Kathleen M. Williams, United States District Court Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report

and Recommendation. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191-92 (11th Cir. 2020).

      **RESPECTFULLY SUBMITTED** in Chambers this on this 9th day of July, 2021.

_____
**LAUREN F. LOUIS**
**UNITED STATES MAGISTRATE JUDGE**