**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 20-CV-20961-WILLIAMS/LOUIS

SILVA HARAPETI, on behalf of herself and
all other similarly situated individuals,

      Plaintiff,

v.

CBS TELEVISION STATIONS, INC.,
a Foreign Profit Corporation, et al.,

      Defendants.

_____/

## <u>REPORT AND RECOMMENDATION</u>

This matter is before the Court on CBS Television Stations, Inc. ("CBS Television") and CBS Broadcasting Inc.'s ("CBS Broadcasting") (collectively, "Defendants") [1] Motion for Decertification (ECF No. 157).  This matter was referred to the undersigned United States Magistrate Judge for a Report and Recommendation by  the Honorable Kathleen M. Williams, United States District Judge (ECF No.  159).  Plaintiff filed an Omnibus Response to Defendants' Motion for Decertification and Motion for Summary Judgment (ECF No. 176), and Defendants filed a Reply in Further Support of Motion for Decertification (ECF No. 183).  Upon review of the Motion, Response, Reply, the pertinent parts of the record, and being otherwise fully advised in the premises, the undersigned  recommends **GRANTING** Defendants'  Motion for  Decertification.

---

[1] CBS Broadcasting Inc., formally known as Group W Television Stations Inc., doing business as CBS Television Stations and/or CBS Television Stations Group is a Foreign Profit Corporation doing business in Miami-Dade County, Florida, which controlled Defendant CBS Television.

I.      BACKGROUND

This action was originally filed by Silva Harapeti on behalf of herself and other similarly situated individuals against Defendant CBS Television, for unpaid wages and overtime due to misclassification of employee status under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA"), and for unlawful, retaliatory discharge in violation of the FLSA (ECF No. 1-1). Plaintiff worked for CBS Television as a freelance journalist, covering news stories across South Florida from February 2011 to March 2018 (ECF No. 95 at ¶¶ 8, 14).  While initially filed in state court, this matter was removed to the Southern District of Florida on March 2, 2020 (ECF No. 1).  Plaintiff filed an Amended Complaint (ECF No. 95) against Defendants.

It is averred that Plaintiff worked as a freelance journalist paid on a "per diem" basis: she was paid at a rate of $210.00 per day, regardless of the number of hours she worked on any given day, and was only paid for days she worked (*id.* at ¶ 15).  Plaintiff alleges that throughout her employment as a freelance journalist, she worked more than 40 hours a week, but was never paid proper overtime rates in violation of federal and state law.  Plaintiff also contends that her classification as a freelance journalist was incorrect due to the number of hours worked, her qualifications, and the amount of control CBS Television maintained over her work (*id.* at ¶¶ 17, 21, 24).

Plaintiff filed a Motion for Conditional Certification and Facilitation of Court-Authorized Notice Pursuant to 29 U.S.C. § 216(b) (ECF No. 24), which was corrected on July 8, 2020 (ECF No. 28).  Plaintiff's Motion sought conditional certification arguing she and other similarly situated employees performed work that did not exempt them from receiving overtime pay under the FLSA, as they did not exercise independent discretion or administrative/managerial judgment to perform services for CBS (*id.* at ¶ 9).  The undersigned recommended granting the Motion and

certifying a collective action, limited to those similarly situated employees who worked as Freelance Television Journalists or Producers for CBS Television at WFOR-TV in Miami in the three years preceding the filing of the action (ECF No. 112 at 16). On January 11, 2021, the Court adopted the Report and Recommendation and conditionally certified the collective action (ECF No. 121).

Plaintiff filed multiple Notices of Consent to Join Opt-In Plaintiffs (ECF Nos. 25-1, 29-1, 45, 104, 105, 108, 109, 128, 129), which Defendants moved to dismiss (ECF Nos. 106, 110) and strike (ECF No. 130). The Court denied Defendants' respective Motions (ECF Nos. 158, 180), adopting the undersigned's corresponding Reports and Recommendations (ECF Nos. 132, 152). The undersigned explained that Defendants can renew their arguments as to why certain Opt-In Plaintiffs do not fall into the conditional class during the second stage of this litigation when the Court addresses decertification at the close of discovery (*id*.). Discovery in this matter closed on August 13, 2021. Thus, the issue of decertification is ripe for review. Defendants filed the instant Motion on September 24, 2021 (ECF No. 157).

## II.    DISCUSSION

The FLSA permits a plaintiff to bring a collective action on behalf of similarly situated persons subject to the requirement that prospective plaintiffs file a written consent in the court where the action is brought. *See* 29 U.S.C. § 216(b); *Hipp v. Liberty Nat'l Life Ins. Co.,* 252 F.3d 1208, 1216 (11th Cir. 2001) (citations omitted).

The Eleventh Circuit has suggested a two-part analysis to determine whether a plaintiff is sufficiently situated to other employees in order support an opt-in class action. *See Hipp* 252 F.3d at 1219; *Morgan v. Family Dollar Stores, Inc*., 551 F.3d 1233, 1260 (11th Cir. 2008). In making a determination at the first stage, known as the notice stage, a court must decide whether, in addition

to the current plaintiff, there exist additional employees that (1) are situated with sufficient similarity to require that they be notified of the pending case in order to be given the option to opt-in, and (2) desire to opt-in to the litigation. *Id.* The legal standard to satisfy the similarly situated requirement for the notice stage is "fairly lenient." *Morgan*, 551 F.3d at 1261; *Hipp*, 252 F.3d at 1218. It essentially amounts to conditional certification, which can be analyzed with greater scrutiny once discovery has been undertaken. *See Morgan*, 551 F.3d at 1261. Once plaintiff satisfies this standard, the action may be conditionally certified, and the putative class can then be given notice and provided an opportunity to opt-in. *Hipp*, 252 F.3d at 1217.

The second tier of analysis—at issue in the Motion—re-examines the question of certification after discovery is complete. *See id.* At this stage, the court has much more information on which to base its decision and makes a factual determination on whether the opt-in plaintiffs are similarly situated. If the plaintiffs are similarly situated, the district court may allow the representative action to proceed to trial. If the plaintiffs are not similarly situated, the district court decertifies the class, and the opt-in plaintiffs are dismissed without prejudice. The class representatives—i.e. the original plaintiffs—proceed to trial on their individual claims. *Id.* at 1218 (citation omitted).

In opposing a motion for decertification, plaintiffs bear the burden of proving class members are "similarly situated." *Anderson v. Cagle's, Inc.,* 488 F.3d 945, 952 (11th Cir. 2007) (citations and internal quotation marks omitted). "[A]lthough the FLSA does not require potential class members to hold identical positions, . . . the similarities necessary to maintain a collective action under [section] 216(b) must extend beyond the mere facts of job duties and pay provisions." *Id.* at 953 (alterations added; internal citations and quotation marks omitted).

The decertification decision is based on the following factors: "1) the disparate factual and

employment settings of the individual plaintiffs; 2) the various defenses available to defendants that appear to be individual to each plaintiff and 3) fairness and procedural considerations." *Blake v. Batmasian*, 197 F. Supp. 3d 1367, 1371 (S.D. Fla. 2016) (citation and internal quotation marks omitted).

"A plaintiff may satisfy its burden by providing sufficient evidence showing that the employer engaged in a policy or pattern of FLSA violations. Alternatively, a plaintiff may establish that others are similarly situated without pointing to a particular plan or policy if the plaintiff makes some rudimentary showing of commonality between the basis for his claims and that of the potential claims of the proposed class, beyond the mere facts of job duties and pay provisions . . . Ultimately[,] the Court must determine whether, based upon the particular facts of the case, the similarities among the putative class members are sufficient so that it is more practical, efficient, and fair to proceed as a collective action rather than requiring separate actions." *Gelber v. Akal Sec., Inc.*, No. 16-23170-CIV, 2016 WL 8678059, at *5 (S.D. Fla. Oct. 5, 2016) (alterations added; brackets and internal citations and quotation marks omitted), *report and recommendation adopted*, No. 16-23170-CIV, 2016 WL 8678541 (S.D. Fla. Oct. 27, 2016).

To meet this Court's definition of the class, proposed members must be similarly situated employees who worked as Freelance Television Journalists or Producers for CBS Television at WFOR-TV in Miami in the three years preceding the filing of this action (ECF No. 121). Defendants argue that the nine Opt-In Plaintiffs are not members of the collective certified by this Court. Specifically, Defendants allege eight of the nine Opt-In Plaintiffs do not meet the class definition: Champion, Alvarez, Dennis, Langford, Helberg, Francois, Henry, and Nelson. The final Opt-In Plaintiff, Jones, meets the class definition, however, Defendants argue she is also not a viable member of the collective because her claim is time barred under the applicable limitations period.

Defendants also contend that even if Jones' claims are not time barred, her inclusion in this suit leaves only <u>one</u> opt-in, and thus Defendants seek decertification on this additional basis.

Plaintiff's Omnibus Response dedicates a single paragraph to opposing the Motion for Decertification.   Plaintiff first concedes that seven of the nine Opt-In Plaintiffs—Champion, Alvarez, Dennis, Langford, Helberg, Henry, and Nelson—are not members of the collective conditionally certified by this Court (ECF No. 176 at 15) ("Plaintiff does not dispute the bulk of Defendant's Statement of Material Facts on the points regarding the Collective Action and, as such, responds to the Motion for Decertification in the same way, with the exception of Tania Francois and Tiani Jones . . ."). Thus, the Court turns its attention to Ms. Francois and Ms. Jones.

On February 10, 2021, Tania Francois filed a notice of consent to join this lawsuit (ECF No. 128).  Ms. Francois worked as an assignment editor for CBS Television at WFOR-TV in Miami from January 2016 to April 2018 (ECF No. 169-1 at 15:18–16:6). Ms. Francois began as part-time, hourly, and overtime eligible until 2016, when she became a full-time salaried employee (*id*. at 16:7–17:25).   Defendants contend that Ms. Francois' occupied position is not freelance nor remotely similar to Plaintiff's.  Plaintiff does not refute that Ms. Francois was not freelance (ECF No. 176 at 15).  In Response, Plaintiff avers "that Assignment editors, Producers and Reporters are all similarly situated" (*id*.).  Specifically, Plaintiff relies on Ms. Francois testimony that "we're all producer[s], we're all reporters, we're all assignment editors . . . everyone's wearing multiple hats." (ECF No. 169-1 at 36:21–37:2).

In Reply, Defendants contend "[t]he cited portion of Francois' testimony does not support that assignment editors, producers, and reporters are all similarly situated" (ECF No. 176 at 15). During her deposition, Ms. Francois was specifically asked whether she agreed that producers were a distinct role from her role as an assignment editor to which she answered, "absolutely" (ECF No.

169-1 at 26:22–26:25).  Furthermore, when asked whether a reporter was a distinct role from an assignment editor, Ms. Francois again replied, "absolutely" (*id*. at 27:1–27:8).

"The determination of whether an employee is covered by the FLSA . . . requires an individual factual inquiry regarding the actual work performed by each individual employee . . . [and] . . . [t]his highly individualized inquiry is not appropriate as a collective action." *Rojas v. Garda CL Se., Inc.*, No. 13-23173-CIV, 2015 WL 5084135, at *6 (S.D. Fla. Aug. 28, 2015).

Plaintiff's reliance on Ms. Francois' testimony that "we're all producer[s], we're all reporters, we're all assignment editors," does not support the inference for which Plaintiff advances it—that the positions are in fact substantially similar.  Plaintiff does not provide evidence that Ms. Francois performed the same duties as Plaintiff.  As an Assignment Editor, Ms. Francois' was in a support role, steering the news stories, coordinating interviews, and collecting the relevant information for the on-air reporters.  She "worked in the background," (ECF No. 169-1 at 25:11–12), as the "third wheel" in relation to the reporters and producers (*id*. at 27:4).

The primary duty of those working as Freelance Television Journalists or Producers, on the other hand, is distinct from that of an Assignment Editor.  As Plaintiff herself described, her primary duty was to "factually produce[] reports and/or report [] news events" (ECF No. 112 at 10 (citing ECF No. 28 at 5)).  The Court found that conditional certification was appropriate for a class that included similarly situated individuals who worked as Freelance Television Journalists or Producers for CBS Television at WFOR-TV in Miami (ECF No. 121 at 1).  Accordingly, Ms. Francois, as a distinct Assignment Editor, is not a member of the collective action defined by this Court.

Similarly, Tiani Jones, a Freelance Journalist who meets the class definition, is also not a member of the collective action.  Pursuant to § 216(b), this Court certified the collective action limited to "similarly situated employees . . . in the three years preceding the filing of this action"

7

(ECF No. 121).  Under the FLSA, an action "shall be considered to be commenced in the case of any individual claimant . . . on the subsequent date on which such written consent is filed in the court in which the action was commenced."  *See* 29 U.S.C. § 256; *Garcia v. Sedanos Mkt., Inc.*, No. 19-CV-22014-UU, 2019 WL 13089700, at *3 (S.D. Fla. July 17, 2019); *Gutescu v. Carey Int'l, Inc.*, No. 01-4026-CIV-MARTINEZ, 2004 WL 5333763, at *3 (S.D. Fla. Feb. 25, 2004) ("Although consents to suit may be filed after the complaint in a collective action, action is not deemed commenced with respect to each individual plaintiff until his consent has been filed.").  Ms. Jones worked for CBS Television at WFOR-TV in Miami from April 2016 until July 5, 2017 (ECF No. 165-1 at 71:6–71:8; 46:23–47:1).  Ms. Jones filed her Consent to Join into Lawsuit on July 8, 2020, three days after the FLSA limitations period ended on July 5, 2020 (ECF No. 29-1).

In Response, Plaintiff argues that the FLSA limitations period should run from when Ms. Jones received her final paycheck, instead of the last day Ms. Jones worked at WFOR-TV.  Ms. Jones testified that she received her final paycheck via direct deposit a week after her last day of employment (ECF 165 at 46:1–47:6).  Plaintiff contends Ms. Jones was not made aware of the non-payment of any overtime wages until she was no longer employed at WFOR-TV and actually received her paycheck (ECF No. 176 at 15 (citing 29 C.F.R. § 778.106 ("The general rule is that overtime compensation earned in a particular workweek must be paid on the regular pay day for the period in which such workweek ends."))).  Moreover, Plaintiff avers that "the FLSA statute of limitations runs week by week," (ECF No. 176 at 15), effectively arguing that the time between her final day of employment and a week later when she received her final paycheck extended her employment into the FLSA limitations period.  Plaintiff does not support this proposition with any citation to case law.

It is clear that the Court limited the class to similarly situated employees who worked for Defendants within three years of joining the suit.  (ECF Nos. 29-1; 121).  Ms. Jones' employment with CBS, from April 2016 until July 5, 2017, falls outside this three-year window, albeit by only three days.  Ms. Jones's claim is time barred under the applicable limitations period and she is not a viable member of the collective.

Even if the Court does not find Ms. Jones' claim to be time-barred, eight of the nine other Opt-In Plaintiffs are not similarly situated to Plaintiff.  The undersigned recommends that these eight Opt-In Plaintiffs be dismissed.  *See Mickles on behalf of herself v. Country Club Inc.*, 887 F.3d 1270, 1278 (11th Cir. 2018) ("opt-in plaintiffs remain party plaintiffs until the district court determines they are not similarly situated and dismisses them.").  Additionally, the undersigned recommends that Defendants' Motion to decertify the class be granted.

## III.    RECOMMENDATIONS

For the foregoing reasons, I recommend that Defendants' Motion for Decertification (ECF No. 157) be **GRANTED**.

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Kathleen M. Williams, United States District Court Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation.  Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't*

*Station #4*, 977 F.3d 1185, 1191-92 (11th Cir. 2020).

**RESPECTFULLY SUBMITED** in Chambers at Miami, Florida this 17th day of

December, 2021.

LAUREN LOUIS
UNITED STATES MAGISTRATE JUDGE