**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO. 20-20961-CIV-WILLIAMS**

SILVA HARAPETI,

    Plaintiff,

v.

CBS TELEVISION STATIONS, INC., *et al.*,

    Defendants.

_____/

## ORDER

**THIS MATTER** is before the Court on Magistrate Judge Lauren Louis' Report and Recommendation ("the Report") (DE 214) on Defendants CBS Television Stations, Inc.'s and CBS Broadcasting Inc.'s (collectively, the "Defendants'") Motion for Summary Judgment (the "Motion") (DE 156).[1] In the Report, Judge Louis recommends that the Court grant in part and deny in part Defendants' Motion. (DE 214 at 1.) Defendants filed Objections to the Report ("Objections"). (DE 215.) Plaintiff did not file a reply.[2] Based on an independent review of the Report, the record, and applicable case law, the Court affirms and adopts Judge Louis' Report. A brief review of Defendants' Objections follows.

---

[1] On January 31, 2022, Judge Louis entered an Amended Report and Recommendation ("Amended Report") (DE 211) on Defendants' motion for decertification (DE 157), recommending the Court grant Defendants' motion. No objections were filed to the Amended Report. On February 14, 2022, the Court entered an order (DE 213) affirming and adopting the Amended Report and granting Defendants' motion for decertification.

[2] Defendants filed a notice to the docket stating that Plaintiff did not file a reply to Defendants' Objections. (DE 217.) Plaintiff filed a response to the notice. (DE 218.) The Court is aware of all filings, and lack of filings.

I. **LEGAL STANDARD**

A party may serve written objections to a report and recommendation. The objections must "specifically identify the portions of the proposed findings, recommendations or report to which objection is made, the specific basis for such objections, and supporting legal authority." S.D. Fla. L. Mag. R. 4(b). "A District Judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge." *Id.* (emphasis added); *see also* 28 U.S.C. § 636(b)(1).

II. **DISCUSSION**

Defendants timely filed Objections to the Report, objecting only to the portion of the Report recommending that the Court deny the Motion as to Defendants' ability to classify Plaintiff as an exempt employee under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–219. (DE 215 at 1.) In Counts I and II of her Amended Complaint, Plaintiff alleges Defendants failed to pay her overtime wages in violation of the FLSA. (DE 95 at 5–9.) Defendants moved for summary judgment as to Counts I and II, asserting that Plaintiff's primary job duties satisfy the creative professional exemption under the FLSA, and that Plaintiff is not entitled to overtime as a matter of law. (DE 156 at 7.)

This dispute centers on Plaintiff's work for Defendants "as a freelance reporter and producer, covering news stories across South Florida from February 2011 to March 2018." (DE 214 at 2.) Defendants assert that Plaintiff's primary duties as a freelance reporter and producer satisfy the creative professional exemption under the FLSA, "because [her role] involved 'the performance of work requiring invention, imagination,

originality or talent in a recognized field of artistic or creative endeavor as opposed to routine mental, manual, mechanical or physical work.'" (DE 156 at 7 (citing 29 C.F.R. §§ 541.300(a), 541.302(a)).) "Journalists may satisfy the duties requirements for the creative professional exemption if their primary duty is work requiring invention, imagination, originality or talent, as opposed to work which depends primarily on intelligence, diligence and accuracy." 29 C.F.R. § 541.302(d).

In their Objections, Defendants rely heavily on the Second Circuit case *Freeman v. National Broadcasting Co., Inc.*, 80 F.3d 78 (2d Cir. 1996), for the proposition that Plaintiff's primary duties as a reporter qualify her for the creative exemption under the FLSA.[3] *See* 80 F.3d at 80 (involving three journalists seeking overtime compensation under the FLSA); (DE 215 at 8–10.) Although, as the Report acknowledges, "[t]here are some similarities between the cases," the Report found *Freeman* distinguishable from the matter here. (DE 214 at 11.) Nevertheless, Defendants assert that because "Plaintiff was also responsible for delivering the news story (that she researched, wrote, and produced)

---

[3] Defendants also direct the Court to a 2021 Opinion Letter (the "Opinion Letter") from the U.S. Department of Labor's Wage & Hour Division. Agency opinion letters are not binding on courts, although a court may consider an agency's views "as a source of persuasive authority." *Polycarpe v. E&S Landscaping Serv., Inc.*, 616 F.3d 1217, 1225 (11th Cir. 2010). The Court finds that Defendants selectively quote the Opinion Letter, and in doing so miss key language: "[o]ur regulations specifically identify journalism as a field whose duties **may** qualify an employee as a creative professional. **Not all journalists, however, qualify** . . . ." Opinion Letter, No. FLSA 2021-7, 2021 DOLWH LEXIS 9, at 2 (Dep't of Labor Wage & Hour Div. Jan. 19, 2021), https://www.dol.gov/sites/dolgov/files/WHD/opinion-letters/FLSA/2021_01_19_07_FLSA.pdf (emphasis added). The Opinion Letter notes that reporters whose work product is substantially controlled by the employer and otherwise consistent with the definitions in 29 C.F.R. Section 541.302(d) are not exempt. Defendants fail to note that Judge Louis' Report analyzes the relevant claims consistent with the code provisions cited in the Opinion Letter. (*Compare* Opinion Letter at 2, *with* DE 214 at 8, 10.)

live on air," she exhibited "an additional layer of creativity, namely talent, that was not present in *Freeman* . . . ." (DE 215 at 9–10.)

Upon review of *Freeman v. National Broadcasting Co., Inc.*, and the record, the Court finds that Defendants tend to understate the import of the plaintiffs' journalistic roles in *Freeman* while somewhat overstating the role of Plaintiff in this case.[4] Mr. Freeman was the "domestic news writer for *Nightly News*" who wrote "approximately one-third of each *Nightly News* broadcast," and whose role was "among the most highly coveted jobs in broadcast journalism, the pinnacle of the profession." *Freeman*, 80 F.3d at 81. Likewise, another plaintiff, Mr. Brown, reviewed, edited, and approved each story script for the *Weekend Nightly News* program, and wrote and produced a special program segment. *Id*. The third plaintiff in *Freemen*, Mr. Garner, "would gather, develop, shoot, write, and edit news stories[;]" direct the camera crew, exercising his judgment as to the composition and style of interviews; and "exercise[] editorial control over the news stories he produced . . . ." *Id*.

Here, as noted by the Report, Plaintiff testified that she worked as a freelance reporter and producer and that she "barely" found her own leads as a journalist and had only a "few" sources. (DE 214 at 4 (citing DE 155-1 at 19:15–24).) Consequently, although the Court agrees with the Report that, "[t]here are some similarities between the cases," *Freeman* is distinguishable from the facts in this case. (*See* DE 214 at 11.) The plaintiffs

---

[4] Defendants also cite *Sherwood v. Washington Post*, 871 F. Supp. 1471 (D.D.C. 1994), for the proposition that journalists have qualified as creatively exempt professionals under the FLSA. (DE 215 at 10.) As with *Freeman*, the Court finds *Sherwood* unpersuasive. *Sherwood* involved a journalist whose reporting job "required invention, imagination, and talent that was not required of [other] reporters." *Sherwood*, 871 F. Supp. at 1482. The court in *Sherwood* found that reporters for the *Washington Post* possess "the skill or expertise of an investigative journalist" above that of reporters for a suburban paper in a smaller market. *See id.* at 1480.

in *Freeman* worked at a journalistic level in which they were afforded substantial freedom over their work product: in many instances, they were responsible for overseeing full news productions and the work of others. Therefore, there is a genuine dispute as to Plaintiff's classification under the FLSA and the Court cannot enter judgment in favor of Defendants as a matter of law.

### III.   CONCLUSION

For the foregoing reasons, it is **ORDERED AND ADJUDGED** as follows:

1. The conclusions in the Report (DE 214) are **AFFIRMED AND ADOPTED**.
2. Defendants' Motion for Summary Judgment (DE 156) is **GRANTED IN PART AND DENIED IN PART**.
   a. The Motion is **GRANTED IN PART** with respect to Plaintiff's claim of retaliation (Count III of the Amended Complaint). Accordingly, Count III, the claim of retaliation, is **DISMISSED**.
   b. The Motion is **DENIED IN PART** with respect to Defendants' entitlement to classify Plaintiff as an exempt employee under the FLSA. Thus, Counts I and II of the Amended Complaint remain as asserted by Plaintiff against Defendants.
   c. The Motion is **DENIED AS MOOT** with respect to the Opt-In Plaintiffs.

**DONE AND ORDERED** in Chambers in Miami, Florida, this 6th day of March, 2022.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE