UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO: 1:20-CV-20961-KMW

SILVA HARAPETI,

    Plaintiff,

vs.

CBS TELEVISION STATIONS INC., *a Foreign Profit Corporation*, *et al.*,

    Defendants.
_____/

## PLAINTIFF, SILVA HARAPETI'S RESPONSE TO DEFENDANTS' EXPEDITED MOTION FOR SANCTIONS

COMES NOW the Plaintiff, Silva Harapeti ("Plaintiff"), and hereby responds to Defendants' Motion for Sanctions (ECF 252):

1. Plaintiff was not present in Court for the pretrial conference on April 27, 2022.

2. Undersigned counsel was not able to confer with his client until approximately 6:00 p.m. on the evening prior to trial, April 27, 2022. Any social media posting prior thereto is prior to undersigned counsel meeting with his client to confer regarding preliminary matters.

3. Defendants make much ado about Plaintiff's social media prior to the imposition of any "gag order." Notably, Counsel for the Defendants did not file the motion at bar until April 29, 2022. Counsel for the Defendants did not file for a "gag order" prior thereto or otherwise file any motion in limine directed to Plaintiff's social media or regarding Plaintiff's participation in a YouTube news report.

4. The Court entered a "gag order" upon the conclusion of day one of trial on April 28, 2022 citing *Mai v. Nine Line Apparel, Inc.*, 2019 WL 5092478 (S.D. Ga. 2019).

5. The *Nine Line Apparel* case is factually distinct from the motion at bar because in that case, the Defendant had already filed a motion to seal putting the plaintiff in that action on notice that there was an issue with the vociferous nature of the plaintiff's posts on social media regarding that case.

6. In the action at bar, neither a motion to seal (or any other defense motion ) nor a "gag order" placed Plaintiff on notice that her conduct would be sanctionable prior to the April 28, 2022 gag order at the conclusion of the first day of trial. *Id.* at 7.

> The Eleventh Circuit has recognized that " '[c]ourts of justice are universally acknowledged to be vested, by their very creation, with power to impose silence, respect, and decorum, in their presence, and submission to their lawful mandates.' " *Thomas v. Tenneco Packaging Co.*, 293 F.3d 1306, 1320 (11th Cir. 2002) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43, 501 S. Ct. 2123, 2132, 115 L. Ed. 2d 27 (1991)). "This power 'must be exercised with restraint and discretion' and used 'to fashion an appropriate sanction for conduct which abuses the judicial process.' " *Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1223 (11th Cir. 2017) (quoting *Chambers*, 501 U.S. at 44-45, 111 S. Ct. at 2132-33). "A court may exercise this power to sanction the willful disobedience of a court order, and to sanction a party who has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." Id. (internal citations and quotation marks omitted).
>
> . . .
>
> In addition, the Court's imposition of any sanction must comport with due process by providing the individual subject to possible sanction **with proper notice** and an opportunity to be heard. *Id.* at 1320-21; *In re Mroz*, 65 F.3d 1567, 1575-76 (11th Cir. 1995). Notice can come from the party seeking sanctions, from the court, or from both, and the accused must be given an opportunity to respond to the invocation of such sanctions and to justify his actions. *In re Mroz*, 65 F.3d at 1575-76. "In assessing whether a party should be sanctioned, a court examines the wrongdoing in the context of the case, including the culpability of other parties." *Purchasing Power*, 851 F.3d at 1225.

*Mai v. Nine Line Apparel, Inc.*, 2019 WL 5092478 (S.D. Ga. 2019)(emphasis supplied).

7. Defendants cannot complain about the result of the trial and the jury verdict in Defendants' favor; as such it is clear that no harm came to Defendants during the trial in this cause. *Nebraska Press Ass'n v. Stuart*, 427 U.S. 539 (1976).

8. The Court already denied the Defendants' motion to dismiss the case in its entirety; the only relief remaining sought by Defendants is a proposed $50,000 in damages, which Defendants cannot justify how Defendants have been damaged in such an amount. Even if the Court were to consider this monetary amount to be a sanction, the imposition of any monetary sanction, including the fees associated with bringing such a motion, without proper notice, would necessarily violate Plaintiff's rights. *Rodriguez ex rel. Posso-Rodriguez v. Feinstein*, 734 So. 2d 1162 (1999).

9. Plaintiff abided by the Court's order to remain silent in the public with regard to her trial. As Plaintiff is not regulated by any bar rule she cannot be held accountable as a lawyer representing a litigant might be so held. Here, there is no reason for Plaintiff to be held accountable for any out of court statements made on social media made by Plaintiff. *Gentile v. State Bar of Nevada*, 501 U.S. 1030 (1991).

10. Moreover, Defendants have not carried their burden demonstrating that a "gag order" was necessary to prevent a serious and imminent threat to the administration of justice. *Florida v. Cohen*, 2001 WL 1811677 (18th Cir. Fla. 2001); *Wesh Television, Inc. v. Freeman,* 691 So.2d 532, 534 (Fla. 5th DCA 1997). *Miami Herald Publ'g Co.,* 426 So. 2d 1, 6 (Fla. 1982) *CBS, Inc. v. Jackson*, 578 So. 2d 698 (Fla. 1991).

11. It is "the strong responsibility of the courts to protect the rights of a free press under the principles evolving from the United States Supreme Court's decision in *Near v. Minnesota ex rel. Olson,* 283 U.S. 697, 51 S.Ct. 625, 75 L.Ed. 1357 (1931). That decision made clear that courts must protect the press from government intimidation and from laws that effectively constitute a prior restraint on the publication of

information. Moreover, as the Court stated in *Branzburg v. Hayes,* 408 U.S. 665, 681, 92 S.Ct. 2646, 33 L.Ed.2d 626 (1972), "[W]ithout some protection for seeking out the news, freedom of the press could be eviscerated." However, the Court also noted in *Branzburg* that "the First Amendment does not invalidate every incidental burdening of the press," nor does a reporter have a special privilege to invade the rights and liberties of others. 408 U.S. at 682-83, 92 S.Ct. 2646. *State v. Davis*, 720 So. 2d 220 (Fla. 1998).

WHEREFORE, the Plaintiff respectfully requests that the Court deny Defendants' Motion for Sanctions (ECF 252) in its entirety.

Respectfully submitted this 16th day of May, 2022.

        REMER & GEORGES-PIERRE, PLLC
        *Attorneys for Plaintiff Silva Harapeti*
        44 West Flagler Street
        Suite 2200
        Miami, Florida 33130
        Phone: (305) 416-5000
        Facsimile: (305) 416-5005

        By: /s/ Peter M. Hoogerwoerd
        Peter M. Hoogerwoerd, Esq.
        Florida Bar No. 188239
        pmh@rgpattorneys.com