UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:20-cv-20961-WILLIAMS

SILVA HARAPETI,

    Plaintiff,

v.

CBS TELEVISION STATIONS INC., *et al.*,

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

**THIS CAUSE** is before the Court on Defendants CBS Television Stations Inc. and CBS Broadcasting, Inc.'s (collectively, "Defendants") Partially Unopposed Bill of Costs (ECF No. 273), pursuant to Local Rule 7.3(c), Federal Rule of Civil Procedure 54(d), and 28 U.S.C. § 1920. Plaintiff Silva Harapeti ("Plaintiff") filed a response in opposition (ECF No. 276), to which Defendants filed a reply (ECF No. 277). The Motion was referred to the undersigned by the Honorable Kathleen M. Williams, United States District Judge, pursuant to 28 U.S.C. § 636 and the Magistrate Judge Rules of the Local Rules of the Southern District of Florida, for a Report and Recommendation. (ECF No. 274). Having considered the Motion, Response, Reply, the supporting materials attached thereto, the record as a whole, and being otherwise fully advised, the undersigned respectfully **RECOMMENDS** that the Motion (ECF No. 273) be **GRANTED, in part,** as further set forth below.

**I.    BACKGROUND**

This is an action for unpaid wages and overtime on the basis of misclassification of employee status, and for retaliatory discharge, brought by an employee against her former

1

employer and its parent corporation, under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–219. Following the conditional certification and then decertification of a FLSA collective action, and summary judgment motion practice, the case proceeded to trial on Plaintiff's claim for overtime compensation. After a 3-day trial, a jury in the Southern District of Florida returned a verdict in favor of Defendants, finding that Defendants had proved that Plaintiff was a creative professional as defined by the FLSA, and thus Plaintiff was not entitled to overtime compensation. (ECF No. 256). Accordingly, and upon Defendants' motion (ECF No. 263), the District Court entered Final Judgment in favor of Defendants, and against Plaintiff. (ECF No. 266).

On June 21, 2022, Plaintiff filed a Motion for Entry of Judgment Notwithstanding the Verdict, or in the Alternative Motion to Alter or Amend Judgment; and Renewed Motion for a New Trial. (ECF No. 272). On January 23, 2023, the Motion was denied. (ECF No. 279).

## II.   LEGAL STANDARD

Defendants, as the prevailing parties, are entitled to recuperate costs associated with defending against Plaintiff's claims. Federal Rule of Civil Procedure 54(d)(1) allows prevailing parties to receive litigation costs other than attorney's fees. There is a "strong presumption" in favor of awarding taxable costs to the prevailing party, which the challenging party has the burden to overcome. *Mathews v. Crosby*, 480 F.3d 1265, 1276 (11th Cir. 2007). Pursuant to 28 U.S.C. § 1920, a district court may tax as costs: "(1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; (6) Compensation of court appointed experts, compensation

of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title."

"[A]bsent explicit statutory or contractual authorization, federal courts are bound by the limitations set out in 28 U.S.C. § 1920." *Arcadian Fertilizer, L.P. v. MPW Indus. Servs., Inc.*, 249 F.3d 1293, 1296 (11th Cir. 2001) (citation omitted). "The party seeking costs bears the burden of submitting a request for expenses that enables the court to determine what expenses were incurred and whether those expenses meet the proof of necessity and reasonableness under 28 U.S.C. 1920." *Shave v. Stanford Fin. Grp., Inc.*, No. 07-60749-CIV, 2008 WL 3200705, at *4 (S.D. Fla. Aug. 6, 2008).

### III. DISCUSSION

Defendants seek costs in the amount of $18,877.59, consisting of: (1) $765.00 in fees for the service of subpoenas; (2) $14,156.15 in court reporter and transcription fees; and (3) $3,956.44 in fees for printing and photocopying. (ECF No. 273-1). In support of their request, Defendants have attached invoices and table summaries evidencing the costs they incurred defending the suit. Defendants do not seek post-judgment interest.

Defendants represent that Plaintiff opposes all but $2,023.80 in costs associated with obtaining copies of hearing transcripts. In her Response, Plaintiff requests that the Court deny the Motion; Plaintiff opposes various categories of expenses that Defendants seek to tax against her. Accordingly, the Court reviews each invoice for whether Defendants may properly be awarded the costs sought under § 1920 and Rule 54(d).[1]

---

[1] Defendants request that the Court grant their Motion by default under Local Rule 7.1(c)(1), because Plaintiff's Response in opposition is untimely, having been filed a day after the deadline to do so. The District Court should decline to grant the Motion by default.

3

### A.     Fees for Service of Summons and Subpoenas

Defendants seek $765.00 in fees for the service of three subpoenas on Plaintiff's medical providers, consisting of $157.50 for the service of a subpoena on Dr. Karen Koffler, $157.50 for the service of a subpoena on Dr. Betsy Guerra,[2] and $450.00 for the service of a subpoena on Dr. Gaila Mackenzie-Strawn.  (ECF No. 273-3).  Plaintiff argues that Defendants' invoices fail to identify the number of hours expended by the process server, and thus these costs should be excluded.  Defendants reply that their invoices reflect the number of hours expended, and that the amounts sought are reasonable.

Under 28 U.S.C. §§ 1920 and 1921, private process server fees may be taxed so long as the taxable costs of the process server are limited to the statutory fees that § 1921(b) authorizes.  *See EEOC v. W&O, Inc.*, 213 F.3d 600, 624 (11th Cir. 2000).  Section 1921(b) states that the Attorney General shall prescribe the fees to be taxed and collected under subsection 1921(a).  "Such fees shall, to the extent practicable, reflect the actual and reasonable cost of the service provided." 28 U.S.C. § 1921(b).  Private process fees may be taxed but must not exceed the $65.00 per hour amount charged by the U.S. Marshal, pursuant to 28 C.F.R. § 0.114.  *See Brannon v. Finkelstein*, No. 10-61813-CIV, 2017 WL 1395171, at *13 (S.D. Fla. Feb. 1, 2017), *report and recommendation approved*, No. 10-61813-CV, 2017 WL 1452944 (S.D. Fla. Feb. 17, 2017).

Generally, a prevailing party may not recover the cost of multiple attempts at service on the same subpoena recipient, unless there is evidence justifying the need for multiple service attempts.  *See Carroll v. Carnival Corp.*, No. 16-20829-CIV, 2018 WL 1795469, at *2 (S.D. Fla. Feb. 6, 2018), *report and recommendation adopted as modified*, No. 16-20829-CIV, 2018 WL 1795790 (S.D. Fla. Mar. 9, 2018).  The prevailing party must also show they were diligent.  *See*

---

[2] The invoice provided in support of the service of the subpoena on Dr. Betsy Guerra reflects a total cost in the amount of $150.00, not $157.50 as requested.

*Powell v. Carey Int'l, Inc.*, 548 F. Supp. 2d 1351, 1359 (S.D. Fla. 2008) (permitting recovery of only one attempt for service on the relevant individual because the prevailing party was not diligent in determining which individual to serve, where there were two individuals with the same name).

Here, the invoices submitted in support of the service of subpoenas on Dr. Karen Koffler and Dr. Betsy Guerra do not provide sufficient detail to determine the amount of time expended by the process server. *See* (ECF No. 273-3 at 2–6). Accordingly, I recommend that Defendants be permitted to recover no more than $65.00 each for these two subpoenas, corresponding to one hour of time expended at the rate charged by the U.S. Marshal, pursuant to 28 C.F.R. § 0.114.

I further recommend that Defendants be permitted to recover $130.00 in costs associated with the subpoena served on Dr. Gaila Mackenzie-Strawn. Defendants seek $450.00 for the service of this subpoena, noting that the first service attempt occurred at 10:40 AM, but that service was not perfected until approximately 7 hours later, at 5:56 PM.[3] *See* (ECF No. 273-3 at 7). However, the invoice offered in support of the request for $450.00 is not sufficient to support that the process server expended 7 continuous hours of time to serve this subpoena on Dr. Mackenzie-Strawn. Rather, the invoice simply reflects two service attempts that occurred 7 hours apart, one of which lasted more than 30 minutes. Thus, I recommend that Defendants be permitted to recover $130.00 for the service of a subpoena on Dr. Mackenzie-Strawn, reflecting two hours of time expended (one hour for each service attempt) at $65.00 per hour.

Accordingly, I recommend that Defendants be permitted to recover $260.00 for the service of subpoenas on Plaintiff's medical providers.

### B. Fees for Printed or Electronically Recorded Transcripts

Defendants also seek to recover $14,156.15 in court reporter, videographer, and

---

[3] Seven hours at the U.S. Marshals rate of $65.00 per hour amounts to $455.00.

synchronization fees, consisting of $2,023.80 in fees associated with obtaining transcripts of evidentiary and motion hearings, and $12,132.35 in fees associated with the transcription, videography, and synchronization of various depositions taken in connection with this case. Plaintiff does not dispute the necessity of any of these transcripts, and instead only generally asserts that invoices for the deposition-related costs contain extraneous and non-taxable expenses beyond the transcripts, themselves. In reply, Defendants contend that Plaintiff fails to specifically identify the extraneous costs in Defendants invoices that are not taxable.

The Court first turns to Defendants' request to tax the costs associated with deposition transcripts, before turning to Defendants' request to tax the costs associated with evidentiary and motion hearing transcripts.

### 1. Deposition Transcript, Videography, and Synchronization Costs

The cost of deposition transcripts is taxable under 28 U.S.C. § 1920(2) so long as the transcripts were "necessarily obtained for use in the case." *See EEOC*, 213 F.3d at 620–21. In determining the necessity of a deposition, it must only appear to have been reasonably necessary at the time it was taken. *Id.* Additionally, "[b]ecause the parties presumably have equal knowledge of the basis for each deposition," the party who challenges the proposed costs "bears the burden of showing that specific deposition costs or a court reporter's fee was not necessary for use in the case or that the deposition was not related to an issue present in the case at the time of the deposition." *George v. Fla. Dep't of Corr.*, No. 07-80019-CIV, 2008 WL 2571348, at *5 (S.D. Fla. May 23, 2008).

Not all deposition costs, however, are recoverable. Miscellaneous costs associated with deposition transcripts, such as shipping and handling, expedited delivery of transcripts, exhibit costs, or condensed transcripts, are not taxable because generally, they are incurred for

6

convenience of counsel, as opposed to being necessarily obtained for use in the case. *See Watson v. Lake Cnty.*, 492 F. App'x 991, 997 (11th Cir. 2012) ("[Section] 1920 does not authorize recovery of costs for shipment of depositions[.]"); *Garden-Aire Vill. S. Condo. Ass'n, Inc. v. QBE Ins. Corp.*, No. 10-61985-CIV, 2013 WL 12086655, at *2 (S.D. Fla. June 13, 2013).

Moreover, "[t]he costs of a videographer may be taxed if the party noticed the deposition to be recorded by non-stenographic means, or by both stenographic and non-stenographic means, and no objection was raised at that time by the other party." *Procaps v. Patheon Inc.*, No. 12-24356-CIV, 2016 WL 411017, at *3 (S.D. Fla. Feb. 2, 2016). "However, the party seeking reimbursement must still demonstrate that the transcripts were necessarily obtained for use in the case and where reimbursement for both methods of recording is sought, the prevailing party bears the burden of proving that both methods were necessary." *Harrell v. City of Opa-Locka*, No. 20-CV-21927, 2022 WL 1609090, at *6 (S.D. Fla. May 3, 2022), *report and recommendation adopted*, No. 20-21927-CIV, 2022 WL 1605333 (S.D. Fla. May 20, 2022).

Plaintiff does not here challenge the necessity for use in this case of any of the deposition or videography costs that Defendants seek to tax. Rather, Plaintiff only generally disputes extraneous costs beyond the cost of each of the deposition transcripts, themselves. Nonetheless, the undersigned has reviewed the invoices associated with each deposition to determine whether Defendants may properly recover the full amount of costs identified in each invoice. To that end, I recommend that Defendants be permitted to recover costs as follows.

Defendants' request for $322.15 in costs associated with the deposition of **Joel Goldberg**, (ECF No. 273-5 at 2), should be reduced by $35.00 to $287.15, to account for an unexplained charge of $35.00 for "Litigation Package-Secure File Suite." *See Birren v. Royal Caribbean Cruises Ltd.*, No. 1:20-CV-22783, 2022 WL 6776362, at *5 (S.D. Fla. Sept. 15, 2022), *report and*

7

*recommendation adopted*, No. 20-CV-22783, 2022 WL 6733320 (S.D. Fla. Oct. 11, 2022) (declining to award $30.00 for an unexplained "Litigation Support Pkg.'" charge identified in a deposition transcript invoice); *Phillipe v. Zimmer US, Inc.*, No. 21-CV-80388, 2022 WL 4632327, at *3 (S.D. Fla. Sept. 15, 2022), *report and recommendation adopted*, No. 9:21-CV-80388, 2022 WL 4598714 (S.D. Fla. Sept. 30, 2022) (same). However, because Defendants have explained the necessity of the $28.00 charge for "Electronic Delivery and Handling" identified in this and their other deposition invoices, Defendants should be permitted to recover that charge. *Cf. Phillipe*, 2022 WL 4632327, at *3. Accordingly, Defendants should be permitted to recover $287.15 in costs associated with the transcript of the deposition of Joel Goldberg.

Defendants' request for $647.05 in costs associated with the deposition of **Adam Levy**, (ECF No. 237-5 at 8), should likewise be reduced by the following amounts: (i) $2.10 in costs associated with exhibits, *see Garden-Aire Vill. S. Condo. Ass'n, Inc.*, 2013 WL 12086655, at *2; (ii) $206.00 in costs associated with a rough draft of the transcript that, because such cost is unexplained, I find was incurred for the convenience of counsel, *see BVS Acquisition Co. v. Brown*, No. 12-CV-80247, 2015 WL 12921971, at *4 (S.D. Fla. Aug. 5, 2015); and (iii) $35.00 for "Litigation Package-Secure File Suite," *see Birren*, 2022 WL 6776362, at *5. Accordingly, Defendants should be permitted to recover $403.95 in costs associated with the deposition transcript for Adam Levy.

Defendants' request to recover $771.00 in costs for the transcript of the deposition of **Elizabeth Roldan** should be reduced to $484.25, to account for the following unexplained and/or non-taxable costs: (i) $1.75 in costs associated with exhibits, *see Garden-Aire Vill. S. Condo. Ass'n, Inc.*, 2013 WL 12086655, at *2; (ii) $250.00 in costs associated with a rough draft of the transcript, *see BVS Acquisition Co.*, 2015 WL 12921971, at *4; and (iii) $35.00 for "Litigation

8

Package-Secure File Suite," *see Birren*, 2022 WL 6776362, at *5.

Defendants' request to recover $2,447.35 in costs associated with **Plaintiff's June 22, 2021 deposition** should be reduced by the following amounts, to $1,766.80[4]: (i) $109.55 in costs associated with exhibits; (ii) $536.00 for a rough draft of the transcript; and (iii) $35.00 for "Litigation Package-Secure File Suite" identified in the invoice for the transcript. Nonetheless, Defendants should be permitted to recover the full $1,270.00 amount of costs associated with the videorecording of Plaintiff's deposition, (ECF No. 273-5 at 4), as Plaintiff does not dispute the necessity of this, or any, videography costs. *Harrell*, 2022 WL 1609090, at *6.

However, I do not recommend that Defendants be permitted to recover $1,035.00 in costs associated with the synchronization of Plaintiff's deposition video. As Chief Magistrate Judge Edwin G. Torres has explained:

> The cost of video synchronization is generally not recoverable under § 1920. *See J.G. v. Carnival Corp.*, 2013 WL 5446412, at *3 (S.D. Fla. Sept. 28, 2013). Some courts have found, however, that the costs of video synchronization are taxable because it assists the jury and the Court and conserves time. *See Managed Care Solutions, Inc. v. Essent Healthcare, Inc.*, 2011 WL 2535258, at *12–14 (S.D. Fla. June 27, 2011) (awarding video synchronization costs); *accord Hynix Semiconductor Inc. v. Rambus Inc.*, 697 F. Supp. 2d 1139, 1151 (N.D. Cal. 2010); *but see Powell v. The Home Depot, U.S.A., Inc.*, 2010 WL 4116488, at *13 (S.D. Fla. Sept. 14, 2010), *Report and Recommendation adopted*, 2010 WL 4102933 (S.D. Fla. Oct. 18, 2010) (denying costs for video synchronization).
>
> Yet, "given the Eleventh Circuit's strict adherence to the language of section 1920, it appears likely that the Court would find that an award of such costs is not permitted by the section." *Powell v. The Home Depot, U.S.A., Inc.*, 2010 WL 4116488, at *13 (S.D. Fla. Sept. 14, 2010), *Report and Recommendation adopted*, 2010 WL 4102933 (S.D. Fla. Oct. 18, 2010) (citing *W&O, Inc.*, 213 F.3d at 620 (noting that courts may only tax costs as authorized by statute)); *see also Crouch v.*

---

[4] The invoice for Plaintiff's June 22, 2021, deposition transcript, (ECF No. 273-5 at 3), contains recoverable costs associated with the appearance of the court reporter. *See Joseph v. Nichell's Caribbean Cuisine, Inc.*, 950 F. Supp. 2d 1254, 1259 (S.D. Fla. 2013) (noting that "[t]he cases that have permitted court reporter appearance fees reason that it is necessary for the court reporter to appear and record the testimony, and then to subsequently prepare the deposition transcript" and thus permitting recovery of such fees). I also recommend that Defendants be permitted to recover the $95.00 "Veritext Virtual Primary Participants" fee, as the invoice for the deposition transcript notes, and Defendants explained in their Motion, that this deposition occurred virtually. Such cost was thus necessary for the taking of the deposition.

> *Teledyne Cont'l Motors, Inc.*, 2013 WL 203408, at *7 (S.D. Ala. Jan. 17, 2013) ("[T]he Court will not tax costs for synchronization of video depositions to their respective transcripts.").

*Rubinstein v. Keshet Inter Vivos Tr.*, No. 17-61019-CIV, 2019 WL 8275157, at *7 (S.D. Fla. Dec. 17, 2019), *report and recommendation adopted*, No. 17-61019-CIV, 2020 WL 1445472 (S.D. Fla. Jan. 24, 2020); *see also Rodriguez v. Geovera Specialty Ins. Co.*, No. 18-23585-CIV, 2020 WL 2732337, at *8 (S.D. Fla. May 26, 2020) (O'Sullivan, Ch. Mag. J.) (finding that synchronization costs are not taxable under § 1920); *Grigorian v. FCA US, LLC*, No. 18-24364-CIV, 2021 WL 5605542, at *8–9 (S.D. Fla. Oct. 1, 2021), *report and recommendation adopted*, No. 18-24364-CIV, 2021 WL 5579276 (S.D. Fla. Nov. 30, 2021) (Goodman, Mag. J.) (declining to award video synchronization costs).

Accordingly, while I recommend that Defendants be permitted to recover $3,036.80 in costs associated with the transcript of Plaintiff's June 22, 2021 deposition and the videorecording thereof, in keeping with the recent weight of authority in this District, I do not recommend that Defendants be permitted to recover $1,035.00 in costs associated with the synchronization of Plaintiff's video deposition.

I further recommend that Defendants' request for $947.80 in costs associated with **Plaintiff's July 12, 2021 deposition**, (ECF No. 273-5 at 12), be reduced by the following amounts, to $720.00: (i) $2.80 in costs associated with exhibits; (ii) $190.00 for a rough draft of the transcript; and (iii) $35.00 for "Litigation Package-Secure File Suite" identified in the invoice for the transcript. Defendants should nonetheless be permitted to recover the full $640.00 amount associated with the videorecording of this deposition, (ECF No. 273-5 at 15), as Plaintiff does not dispute the necessity of this cost. *Harrell*, 2022 WL 1609090, at *6. But, Defendants should not be permitted to recover $465.00 in synchronization costs, for the reasons set forth above.

Accordingly, I recommend that Defendants be permitted to recover $720.00 for the transcript of Plaintiff's July 12, 2021 deposition and $640.00 for the videorecording thereof.

Defendants' request for $614.00[5] in costs, (ECF No. 273-5 at 26), associated with **Dr. Betsy Guerra's** deposition should be reduced by $35.00 for "Litigation Package-Secure File Suite," to $579.00.[6]  In addition, Defendants should be permitted to recover the full $545.00 amount associated with the videorecording of Dr. Guerra's deposition, (ECF No. 273-5 at 27), as Plaintiff does not dispute the necessity of this, or any videography costs.  *Harrell*, 2022 WL 1609090, at *6.

Defendants' request for $531.85 in costs, (ECF No. 273-5 at 17), associated with **Tania Francois's** deposition should be reduced by the following amounts, to $464.00: (i) $3.85 in costs associated with exhibits; (ii) $35.00 for "Litigation Package-Secure File Suite"; and (iii) $29.00 for an unexplained charge of "Veritext Exhibit Package (ACE)."

Defendants' request for $413.65 in costs, (ECF No. 273-5 at 20), associated with **Angelica Alvarez's** deposition should be reduced by the following amounts, to $345.10: (i) $4.55 in costs associated with exhibits; (ii) $35.00 for "Litigation Package-Secure File Suite"; and (iii) $29.00 for an unexplained charge of "Veritext Exhibit Package (ACE)."

Defendants' request for $652.75 in costs, (ECF No. 273-5 at 23), associated with **Anne Marie Henry's** deposition should be reduced by the following amounts, to $476.90: (i) $3.85 in costs associated with exhibits; (ii) $108.00 in costs associated with obtaining a rough draft of the

---

[5]  The invoice for Dr. Guerra's deposition reflects total costs in the amount of $614.40; however, Defendants have only requested to recover $614.00.

[6]  Defendants may properly recover costs associated with the appearance of the court reporter.  *See Joseph*, 950 F. Supp. 2d at 1259.  I also recommend that Defendant be permitted to recover the $95.00 "Veritext Virtual Primary Participants" fee for the same reasons as noted above.

transcript; (iii) $35.00 for "Litigation Package-Secure File Suite"; and (iv) $29.00 for an unexplained charge of "Veritext Exhibit Package (ACE)."

Last, Defendants' request for $829.75 in costs, (ECF No. 273-5 at 28), associated with **Tiani Jones's** deposition should be reduced by the following amounts, to $752.80: (i) $12.95 in costs associated with exhibits; (ii) $35.00 for "Litigation Package-Secure File Suite"; and (iii) $29.00 for an unexplained charge of "Veritext Exhibit Package (ACE)."

Accordingly, I recommend that Defendants be permitted to recover $8,734.95 in transcription and videography costs associated with various depositions taken in this case.

### 2. Hearing Transcripts

Defendants also seek $2,023.80 in fees associated with obtaining transcripts of evidentiary and motion hearings. (ECF No. 273 at 3–4).

"Section 1920 gives district courts the discretion on whether to tax hearing transcripts." *Gustave v. SBE ENT Holdings, LLC*, No. 19-23961-CIV, 2021 WL 4463149, at *4 (S.D. Fla. Sept. 10, 2021), *report and recommendation adopted*, No. 19-23961-CIV, 2021 WL 4428208 (S.D. Fla. Sept. 27, 2021). "Hearing transcript costs are taxable when reasonably obtained in preparation for additional argument and/or motion practice." *Witbart v. Mandara Spa (Hawaii), LLC*, No. 18-CV-21768, 2022 WL 1241439, at *3 (S.D. Fla. Apr. 12, 2022), *report and recommendation adopted sub nom. Witbar v. Mandara Spa (Hawaii), LLC*, No. 1:18-CV-21768, 2022 WL 1239232 (S.D. Fla. Apr. 27, 2022) (quoting *Pediatric Nephrology Assocs. of S. Fla. v. Variety Children's Hosp.*, 16-24138-CIV, 2018 WL 4778456, at *4 (S.D. Fla. July 9, 2018)). In addition, "[c]opies of hearing transcripts are reasonably necessary if [a court] ruling refers to the hearing." *See Feise v. N. Broward Hosp. Dist.*, No. 14-CV-61556, 2017 WL 3315144, at *4 (S.D. Fla. Aug. 3, 2017) (citing *Zokaites v. 3236 NE 5th St., Inc.*, No. 07-60670-CIV, 2008 WL 4792451, at *4 (S.D. Fla.

Oct. 31, 2008)) (permitting the prevailing party to tax the cost of hearing transcripts when the court's orders referred to "the reasons articulated by the Court at the Hearing" and "the reasons stated on the record").

Defendants' request to tax the cost of transcripts for the September 24, 2020, October 14, 2020, and October 16, 2020, evidentiary hearings is well taken, as Defendants relied on those transcripts in summary judgment briefing. However, the Court is less convinced that Defendants may properly tax the cost of the transcript for the January 25, 2022 hearing on their Motion for Summary Judgment, as a Report and Recommendation (ECF No. 214) later issued memorializing the recommendations that were stated in open court at that hearing. Nonetheless, Plaintiff did not, in pre-filing conferral or in her Response, oppose Defendants' request to recover the cost of any hearing transcripts. Accordingly, I recommend that Defendants be permitted to recover these costs in full.

***

In sum, I recommend that Defendants be permitted to recover $10,758.75 in fees for printed or electronically recorded transcripts, consisting of $8,734.95 in transcription and videography costs for depositions, and $2,023.80 in costs associated with the transcription of various hearings.

### C. Fees and Disbursements for Printing

Last, Defendants seek to recover $3,956.44 in fees and disbursements for printing. Defendants explain that the majority of these printing costs were incurred for the printing of trial exhibits and for printing Plaintiff's medical records. (ECF No. 273 at 10). In opposition, Plaintiff asserts that the copies were not necessarily obtained for use in this case. In reply, Defendants argue that they have explained the necessity of their copying costs and have provided invoices containing detailed descriptions of each charge and each charge's purpose. (ECF No. 277 at 7).

The cost of copying records is recoverable if "the prevailing party could have reasonably believed that it was necessary to copy the papers at issue." *EEOC*, 213 F.3d at 623; *see also* 28 U.S.C. § 1920(4). "In this regard, '[t]he costs of photocopies attributable to discovery, as well as copies of pleadings, correspondence, copies of exhibits and copies prepared for the court may all be recoverable[.]'" *Spatz v. Microtel Inns & Suites Franchising, Inc.*, No. 11-60509-CIV, 2012 WL 1587663, at *6 (S.D. Fla. May 4, 2012) (quoting *Rodriguez v. M.I. Quality Lawn Maint., Inc.*, No. 10-21031-CIV, 2012 WL 664275, at *6 (S.D. Fla. Feb. 9, 2012)). However, the "[u]se of information contained in a file is not a prerequisite to finding that it was necessary to copy the file." *EEOC*, 213 F.3d at 623.

In requesting copying costs, the prevailing party "cannot simply make unsubstantiated claims that copies of the documents were necessary," because they alone know the purpose of the copies. *Monelus v. Tocodrian, Inc.*, 609 F. Supp. 2d 1328, 1335 (S.D. Fla. 2009). That is, the prevailing party must provide more than the mere label that the costs they seek to recover are "copying costs." *See Lebron v. Royal Caribbean Cruises, Ltd.*, No. 1:16-CV-24687-KMW, 2021 WL 3007191, at *7 (S.D. Fla. June 28, 2021), *report and recommendation adopted*, No. 16-24687-CIV, 2021 WL 3005648 (S.D. Fla. July 15, 2021) ("General copying costs without further descriptions . . . however, are not recoverable."). Notwithstanding, the prevailing party is not required to articulate the specific reason for each photocopy. *See Roberts v. Carnival Corp.*, No. 19-CV-25281, 2021 WL 7542968, at *5 (S.D. Fla. Sept. 21, 2021) (quoting *Salvani v. Corizon Health, Inc.*, No. 17-24567-CIV, 2019 U.S. Dist. LEXIS 199373, at *10–13 (S.D. Fla. Nov. 15, 2019)) ("While prevailing parties are 'not require[d] . . . to articulate the specific reasons for each photocopy or exemplification – [they] must do more than point to an outline of the costs incurred.'").

The undersigned has reviewed the summary table offered in support of Defendants' request for printing and copying costs, (ECF No. 273-9), which states the specific reason that each photocopying cost was incurred. Such summary more than sufficiently apprises the Court of the necessity of each copying cost incurred. Moreover, Defendants may also properly recover the cost of obtaining copies of Plaintiff's medical records from her medical providers, (ECF No. 273-10), at the rate of $1.00 per page. Such rate is not excessive. *See Milligan v. Rambosk*, No. 2:20-CV-403, 2022 WL 2975038, at *2 (M.D. Fla. July 5, 2022), *report and recommendation adopted*, No. 2:20-CV-403, 2022 WL 2967077 (M.D. Fla. July 27, 2022) (noting that, while Florida's statutory rate of $1.00 per page for medical record copies is not binding under § 1920, "Florida's statutory rate seems an adequate benchmark that sufficiently reflects the administrative nature of the task," and thus permitting the prevailing party to tax the cost of retrieving medical records at the rate of $1.00 per page).

Accordingly, I recommend that Defendants be permitted to recover $3,956.44 in fees and disbursements for printing.

**D. RECOMMENDATIONS**

For the foregoing reasons, the undersigned respectfully **RECOMMENDS** that Defendants CBS Television Stations Inc. and CBS Broadcasting, Inc.'s Partially Unopposed Bill of Costs (ECF No. 273), be **GRANTED, in part**, and that Defendants be awarded a total of **$14,975.19** in taxable costs, entered against Plaintiff Silva Harapeti, consisting of $260.00 in fees associated with the service of three subpoenas, $10,758.75 in fees for printed or electronically recorded transcripts, and $3,956.44 in fees and disbursements for printing.

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Kathleen M. Williams, United States District Judge for the Southern District

of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020).

**RESPECTFULLY SUBMITTED** in Chambers at Miami, Florida, this 25th day of January, 2023.

*[signature]*

LAUREN F. LOUIS
UNITED STATES MAGISTRATE JUDGE

cc:   Honorable Kathleen M. Williams
      Counsel of Record